[No. B118919. Second Dist., Div. Six. Sept. 23, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
RONALD STEVEN HERRERA, Defendant and Appellant.

COUNSEL

Jean F. Matulis, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Steven D. Matthews and Valerie A. Baker, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**YEGAN, J.**—On November 25, 1996, Ronald Steven Herrera (appellant) was committed to the California Department of Mental Health for two years

after a jury found that he was a sexually violent predator within the meaning of the Sexually Violent Predator Act. (Welf. & Inst. Code, § 6604.)[1] We affirmed the judgment in an unpublished opinion (*People* v. *Herrera* (May 20, 1998) B108605), the California Supreme Court denied review, and the order is final.

Appellant contends that the superior court erred by summarily denying his petition to be conditionally released without appointing counsel or conducting a show cause hearing. We affirm. We hasten to observe that the instant appeal is not from the two-year commitment order. Rather, it is from an order denying appellant's request for early release.

### Statutory Framework and Proceedings Below

Section 6605 requires that the Department of Mental Health annually examine appellant's mental condition and give appellant written notice of his right to petition for conditional release pursuant to section 6608. Section 6605, subdivision (b), states in pertinent part: "If the person does not affirmatively waive his or her right to petition the court for conditional release, the court shall set a show cause hearing to determine whether facts exist that warrant a hearing on whether the person's condition has so changed that he or she would not be a danger to the health and safety of others if discharged. The committed person shall have the right to be present and to have an attorney represent him or her at the show cause hearing."

On September 3, 1997, appellant received a document from the California Department of Mental Health. In boldface type, it stated: "NOTIFICATION OF RIGHT TO PETITION COURT FOR CONDITIONAL RELEASE UNDER WIC 6608." Appellant checked a box on the form which stated: "I request that my court of commitment schedule a show cause hearing to determine whether my condition has so changed that I would no longer be a danger to the health and safety of others if discharged."

The request was sent to the Ventura County Superior Court along with the Department of Mental Health annual progress report. The report stated that "[t]he patient's condition had not so changed that he would not be a danger to the health and safety of others if discharged." Under the heading "TREATMENT PROGRESS," the report stated that appellant "has consistently demonstrated hostility, belligerence, disrespect and agitating and demanding persona towards staff, in particular female staff. Review of clinical records indicate that his verbal assaults, attempts to physically assault, medication refusal and resistance, threats, and generally derogatory behavior towards

---

[1]All statutory references are to the Welfare and Institutions Code unless otherwise stated.

peers and staff has resulted in his being placed in full bed restraints (FBR) or room seclusion on at least eight occasions between 12-13-96 and 06-08-97. Efforts to treat Mr. Herrera with psychotropic medications began in earnest in April and have been adjusted such that he is more quiescent in recent months. However, he disapproves of the medication and, at times, refuses them. He has not engaged in any significant treatment directed towards his sexual offending."

Complying with the statutory scheme, the superior court set a show cause hearing and gave notice. Thereafter, the superior court summarily denied the petition because the annual progress report from Atascadero State Hospital "makes it clear that Mr. Herrera's 'condition has not so changed that he would not be a danger to others in that it is not likely that he will engage in sexually violent behavior if placed under supervision and treatment in the community.' (Section [6608(a)] W&IC)."

### Appealable Order

The Attorney General argues that the order denying the petition is not an appealable order. We disagree. Penal Code section 1237, subdivision (b), permits appeals "[f]rom any order made after judgment, affecting the substantial rights of the party." In *People v. Sword* (1994) 29 Cal.App.4th 614, 619, footnote 2 [34 Cal.Rptr.2d 810], the court indicated an order denying placement on outpatient status for a person found not guilty by reason of insanity pursuant to the Penal Code was appealable. Penal Code section 1600 now includes placement on outpatient status for sexually violent predators. (Stats. 1996, ch. 462, § 1.) The trial court's summary denial of a petition for outpatient status affects appellant's substantial rights and is an appealable order.

### Summary Denial of Petition Appropriate

We reject appellant's argument that the superior court erred in treating the request for a show cause hearing as a petition for conditional release. Section 6605 must be read in conjunction with section 6608. " '[W]e do not construe statutes in isolation, but rather read every statute "with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness." [Citation.]' " (*People v. Ledesma* (1997) 16 Cal.4th 90, 95 [65 Cal.Rptr.2d 610, 939 P.2d 1310].) In pertinent part section 6605, subdivision (b) provides: "The director shall provide the committed person with an annual written notice of his or her right to petition for conditional release under Section 6608."

Both statutes address the issue of whether appellant's diagnosed mental disorder has so changed that he is no longer a danger to the health and safety of others and is not likely to engage in sexually violent criminal behavior if discharged. (§§ 6605, subd. (c), 6608, subd. (d).) Section 6608, subdivision (a), states in pertinent part: "Upon receipt of a first or subsequent petition from a committed person without the concurrence of the director, the court shall endeavor whenever possible to review the petition and determine if it is based upon frivolous grounds and, if so, shall deny the petition without a hearing." Section 6605, however, does not contain this provision for summary denial.

Petitioner correctly asserts that he had a statutory right to attend the show cause hearing and to be represented by counsel. (§ 6605, subd. (b); 3 Witkin & Epstein, Cal. Criminal Law (2d ed., 1998 supp.) Punishment for Crime, § 1417E, subd. (c), p. 121; Cal. Criminal Law Procedure & Practice 4th (Cont.Ed.Bar 1998) § 54.59A, p. 1524.) Here, however, there was no show cause hearing.

Other than checking a box on a form, appellant made no factual showing that his commitment should be terminated because his diagnosed mental disorder had changed. (§§ 6605, subd. (c), 6608, subd. (d).) The annual review report, which was signed by two medical experts, stated that he continued to be a danger to others and was likely to engage in sexually violent criminal behavior. The recommendation was to "[r]etain and treat." On this record, the trial court summarily and properly dismissed the petition finding that it was frivolous. (cf. *In re Swain* (1949) 34 Cal.2d 300, 304 [209 P.2d 793] [a petition for writ of habeas corpus may be summarily denied if the petition does not frankly state the factual basis upon which relief may be predicated].) In these circumstances, no show cause hearing was required.

The judgment (order denying the section 6608 request for conditional release) is affirmed.

Stone (S. J.), P. J., and Gilbert, J., concurred.

A petition for a rehearing was denied October 15, 1998, and appellant's petition for review by the Supreme Court was denied January 20, 1999. Mosk, J., and Kennard, J., were of the opinion that the petition should be granted.