89 Cal.Rptr.2d 125 (1999)
75 Cal.App.4th 282
The PEOPLE, Plaintiff and Respondent,
v.
Michael Thomas CHEEK, Defendant and Appellant.
No. H019064.
Court of Appeal, Sixth District.
September 28, 1999.
Review Granted December 15, 1999.
*127 Michael Thomas Cheek, Steven Fama, Under appointment by the Sixth District Appellate Project, for Defendant and Appellant.
Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney, General, Ronald A. Bass, Senior Assistant Attorney General, René A. Chacón Supervising Deputy Attorney General, Bridget Billeter, Deputy Attorney General, for Plaintiff and Respondent.
BAMATTRE-MANOUKIAN, Acting P.J.
In July of 1997, defendant Michael Thomas Cheek was found to be a sexually violent predator (SVP) under Welfare and Institutions Code[1] section 6600, et seq., the Sexually Violent Predators Act (SVPA), and he was committed to the State Department of Mental Health (DMH) for two years. In 1998, pursuant to section 6605, the DMH performed a "current examination" of defendant's mental condition and provided defendant with "an annual written notice" of his right to petition the trial court for conditional release under section 6608. As defendant did not "affirmatively waive" his right to petition the court for conditional release, the trial court set a show cause hearing "to determine whether facts exist that warrant a hearing on whether the person's condition has so changed that he or she would not be a danger to the health and safety to others if discharged." (§ 6605, subd. (b).) At the show cause hearing, the trial court ordered defendant to remain committed for the balance of the two-year term.
Defendant contends that the trial court erred by (1) ruling that defendant was not entitled to call or cross-examine witnesses at the show cause hearing and (2) denying defendant's request for appointment of an expert prior to the show cause hearing.
We conclude the trial court erred by precluding defendant from calling and cross-examining witnesses at the show cause hearing, but that the trial court did not err by denying defendant's request for *128 appointment of an expert. However, we shall dismiss the appeal as moot. As we shall explain, we reach these issues only because they are capable of repetition while evading appellate review, and because they involve matters of important public interest which are likely to recur.

STATUTORY OVERVIEW
We begin by setting forth a general overview of the SVPA, with particular focus on the sections relevant to the issues raised in this case. (Cf. People v. Butler (1998) 68 Cal.App.4th 421, 424-28, 80 Cal. Rptr.2d 357.)
The SVPA was enacted October 11, 1995, effective January 1, 1996. (Stats. 1995, chs. 762 & 763.) At the time of enactment, the Legislature explained that its intent was to identify sexually violent predators[2] who have diagnosable mental disorders and are likely to engage in acts of sexual violence while those individuals are still incarcerated. It further explained that the purpose of the law was to provide a mechanism for the confinement and treatment of such individuals "until such time that it can be determined that they no longer present a threat to society." (Stats. 1995, chs. 762 & 763, § 1).
Under section 6601, if the Director of the Department of Corrections determines that a prisoner may be an SVP, the director shall refer that person for an initial screening evaluation at least six months prior to his or her scheduled release date. (§ 6601, subds.(a) & (b).) If it is determined that the person is likely to be a sexually violent predator, he or she is then referred to the DMH for a full SVP evaluation. (§ 6601, subd. (b).)
The potential SVP is evaluated by two practicing psychiatrists or psychologists in accordance with a "standardized assessment protocol." (§ 6601, subd. (c).) If both of the evaluators find that the person "has a diagnosed mental disorder so that he or she is likely to engage in acts of sexual violence without appropriate treatment and custody," the DMH requests a petition for commitment and forwards the evaluations and supporting documents to the county of the person's latest conviction. (§ 6601, subds.(d) & (i).) If the county's designated attorney concurs with the recommendation, a petition for commitment is filed in superior court. (§ 6601, subd. (i).)
A probable cause hearing is then held before a superior court judge. At the probable cause hearing, the individual named in the petition is entitled to assistance of counsel, and he or she may confront and call witnesses. (People v. Butler, supra, 68 Cal.App.4th 421, 80 Cal. Rptr.2d 357; In re Parker (1998) 60 Cal. App.4th 1453, 71 Cal.Rptr.2d 167.) If the judge determines there is probable cause to believe that the person is likely to engage in sexually violent predatory criminal behavior upon his or her release from prison, the judge shall order that a trial be conducted "to determine whether the person is, by reason of a diagnosed mental disorder, a danger to the health and safety of others in that the person is likely to engage in acts of sexual violence upon his or her release ...." (§ 6602, subd. (a).)
The person subject to the petition is entitled to a trial by jury, the assistance of counsel and the right to retain experts or professional persons to perform further evaluations, and is entitled to have access to all relevant medical and psychological records and reports. (§ 6603, subd. (a).) A unanimous verdict is required in any jury trial. (§ 6603, subd. (d).) The burden of *129 proof is on the state to show that the person is a sexually violent predator "beyond a reasonable doubt." (§ 6604.) If it is so determined, the person shall be committed for a period of two years "to the custody of the State Department of Mental Health for appropriate treatment and confinement in a secure facility...." (Ibid.) The person shall not be kept in confinement longer than two years unless a new petition is filed and an extended commitment is obtained from the court. (Ibid.) Any person committed as an SVP must be provided with treatment for his or her diagnosed mental disorder, whether or not it is found the person is amenable to treatment. (§ 6606, subds.(a) & (b).) The treatment "shall be consistent with current institutional standards for the treatment of sex offenders ...." (§ 6606, subd. (c).)
A person committed under the SVPA "shall have a current examination of his or her mental condition made at least once every year." (§ 6605, subd. (a).) The committed person "may retain, or if he or she is indigent and so requests, the court may appoint, a qualified expert or professional person to examine him or her ...." (§ 6605, subd. (a).)
The SVPA provides procedures by which a committed person may obtain unconditional release prior to the expiration of his or her two-year term of commitment. Unconditional release can be obtained in two different ways.
First, at any time that the DMH has reason to believe that a person committed is no longer an SVP, it must seek judicial review of the commitment pursuant to the procedures set forth in section 7250  that is, by means of a writ of habeas corpus. (§§ 6605, subd. (f), 7250.)
Second, a person committed under the SVPA can obtain unconditional release and discharge after a show cause hearing and a full hearing before a jury or the court. Section 6605, subdivision (b) provides that the DMH "shall provide the committed person with an annual written notice of his or her right to petition the court for conditional release under Section 6608," and that the notice "shall contain a waiver of rights." That subdivision further provides: "If the person does not affirmatively waive his or her right to petition the court for conditional release, the court shall set a show cause hearing to determine whether facts exist that warrant a hearing on whether the person's condition has so changed that he or she would not be a danger to the health and safety of others if discharged." (§ 6605, subd. (b), italics added.) "The committed person shall have the right to be present and to have an attorney represent him or her at the show cause hearing." (Ibid.)
Section 6605, subdivision (c) provides that if the court at the show cause hearing finds probable cause "to believe that the committed person's diagnosed mental disorder has so changed" as to render the person "not likely to engage in sexually violent criminal behavior if discharged," the person is entitled to a hearing on the issue. At the hearing, the person is entitled to the same rights and constitutional protections as were afforded at the initial commitment hearing. (§ 6605, subd. (d).) The prosecution has the burden of proving beyond a reasonable doubt "that the committed person's diagnosed mental disorder remains such that he or she is a danger to the health and safety of others and is likely to engage in sexually violent criminal behavior if discharged." (§ 6605, subd. (d).) If the court or jury rules in favor of the committed person, "he or she shall be unconditionally released and unconditionally discharged." (§ 6605, subd. (e).) If the court or jury rules against the committed person, he or she is to be recommitted for two years from the date of the ruling. (Ibid.)
The SVPA also provides procedures by which a committed person may obtain conditional release prior to the expiration of his or her two-year term of commitment. Conditional release proceedings can be initiated in two ways.
*130 First, if the DMH "determines that the person's diagnosed mental disorder has so changed that the person is not likely to commit acts of predatory sexual violence while under supervision and treatment in the community," it is required to send a report and recommendation for conditional release to the designated county attorney, the committed person's attorney, and the committing court. (§ 6607, subd. (a).) Upon receipt of a recommendation for conditional release from the DMH, "the court shall set a hearing in accordance with the procedures set forth in Section 6608." (§ 6607, subd. (b).)
Second, even without a recommendation for conditional release from the DMH, the committed person can petition the court for conditional release any time after one year of commitment. (§ 6608, subd. (c).) Before acting on a petition for conditional release, the court obtains the written recommendation of the director of the treatment facility to which the person is committed. (§ 6608, subd. (j).) The court then reviews the petition for conditional release in order to "determine if it is based upon frivolous grounds." (§ 6608, subd. (a).) If the court finds the petition is based upon frivolous grounds, it "shall deny the petition without a hearing." (Ibid.)[3]
If the petition for conditional release makes it through the facial review procedure or, if the DMH has recommended conditional release, the court sets a hearing "to determine whether the person committed would be a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior due to his or her diagnosed mental disorder if under supervision and treatment in the community." (§ 6608, subd. (d).) At the hearing, the committed person has the burden of proof by a preponderance of the evidence. (§ 6608, subd. (i).) If the court rules in favor of the committed person, it "shall order the committed person placed with an appropriate forensic conditional release program operated by the state for one year." (§ 6608, subd. (d).) After a year of conditional release, the person is entitled to a hearing on the issue of unconditional release. (Ibid.) If the court rules against the committed person at either hearing, he or she must wait one year to file a new petition. (§ 6608, subd. (h).)

FACTUAL AND PROCEDURAL BACKGROUND
On July 7, 1997, the Santa Cruz County District Attorney filed a petition for commitment of defendant as an SVP. (§ 6601, subd. (i).) The petition alleged that defendant had previously suffered convictions for sexually violent offenses including 1980 convictions of kidnapping, rape by force or violence, rape by threat, and oral copulation by force, violence, or threat, as well as a 1981 conviction of rape by force or violence. (See § 6600, subd. (b).) On July 10, 1997, defendant admitted the allegations in the SVPA petition, and on July 14, 1997, he was committed to the custody of the DMH for appropriate treatment and confinement in Atascadero State Hospital (ASH) for a period of two years. (§ 6604.)
On June 5, 1998, DMH staff psychiatrist Gabrielle Paladino prepared a report regarding defendant's mental condition and treatment progress. (§ 6605, subd. (a).) The report was based on 11 separate sources of information, including four 1997 commitment evaluations, a 1981 probation report, two 1997 psychiatric evaluations, "[r]eview of several 90-day Treatment Planning Conference summaries done at ASH," "[i]nput from [defendant's] treatment team," "[r]eview of [defendant's] *131 medical record," and "[m]ultiple interviews" with defendant.
Dr. Paladino described as "very committed" defendant's participation in substance abuse treatment, noting that he had completed several substance abuse courses and attended many substance abuse meetings. The report also described defendant's behavior in Atascadero, noting that he had been involved in a fight with a peer, had his hall card privileges revoked on two occasions, and had been noted as "intimidating," and "`hostile and demanding.'" As for defendant's treatment as an SVP, the report indicated that defendant had "declined to enter Phase II, Skills Acquisition" and "does not see himself as a sex offender."
The report concluded with the following: "It is the opinion of the treatment team that Mr. Cheek has a diagnosable mental disorder.... Based on his history, and his behavior at ASH to date, Mr. Cheek is more likely than not to engage in sexually violent criminal behavior in the future. This is because he has only just begun a very minimal amount of offered treatment for sex offenders at this hospital.... [U]ntil he progresses in treatment beyond Phase I, Mr. Cheek will not be able to obtain vital information about his own sexual offending problems and the tools by which he can use this information to prevent re-offense. [¶] To a reasonable degree of medical certainty, based on the above information, it is my opinion that Mr. Cheek meets the criteria as a Sexually Violent Predator (SVP) as described in Section 6600 of the W & I Code, and an extension of his commitment is recommended."
On June 12, 1998, the DMH filed the annual report with the trial court. (§ 6605, subd. (b).) It also filed a form, attached as exhibit A to this opinion, entitled "NOTIFICATION OF RIGHT TO PETITION COURT FOR CONDITIONAL RELEASE UNDER WIC 6608." This form, which apparently had been provided to defendant, stated: "You were committed to ASH under WIC 6604 on [July 14, 1997] from Santa Cruz County. In compliance with WIC Section 6605(b), this is to provide you notice that you have the right to petition the court for conditional release under WIC Section 6608 each year. This form will be sent to the Superior Court of your committing County to inform them that you are waiving this right or that you are requesting them to schedule a show cause hearing." (Emphasis in original.)
The notice and waiver form indicated that defendant was to check one of two boxes, specifying that he was either requesting "that my court of commitment schedule a show cause hearing to determine whether my condition has so changed that I would no longer be a danger to the health and safety of others if discharged," or that he was waiving his "right to petition the court for conditional release" for the current year. Neither box was checked, and "Refused" was written in the space designated "Patient Signature." The space designated "Staff Signature/Witness" was signed and dated April 13,1998.
In a letter to the trial court dated June 17, 1998, defendant wrote: "Under [section] 6605, I have the right to have a show cause hearing for release  prob[able] cause  jury trial. I also have a right to be present and to have an attorney represent me at the `show cause' hearing. [¶] According to [section] 6605[, subdivision] (a) ... this current evaluation/examination is to be done each year. One year from commitment date would be [July 10, 1998]. I qualif[y] for this show cause hearing. [¶] I, Michael Cheek want to exercise my rights under [section] 6605, this provision for a `show cause hearing' to see if the court finds `prob[able] cause' for a hearing outlined in [section] 6605[, subdivisions] (c) and (d). [¶] I, Michael Cheek wish[ ] to exercise my right to be at the `show cause' hearing, and to be represented by coun[sel] (attorney) at the show cause hearing." (Emphasis in original.)
*132 On July 8, 1998, the trial court held a hearing to calendar the show cause hearing.[4] The deputy district attorney requested the hearing be set within the week, arguing: "The statute contemplates a very quick review by the Court of the moving papers. And then, if there's no change, Mr. Cheek goes back to Atascadero and goes back into the program." The trial court stated, "I understand [section] [6]605's." Defense counsel asserted, "I believe she's wrong as far as what the show of cause hearing involves. I think we are entitled to have an expert." The trial court replied, "You obviously haven't read the statute." When trial counsel set the hearing for July 17, 1998, defense counsel objected, explaining, "This is a very complicated issue. It involves psychological issues which  we do need an expert. The state has several and we would like an opportunity to be heard and have an expert of our own." The trial court denied the defense request for an expert.
On July 15, 1998, defendant moved for a continuance of the show cause hearing, so that defense counsel could have additional time to prepare. The deputy district attorney opposed the motion, arguing that the show cause hearing "just requires this court to review the paperwork from Atascadero, and based on that, to make a determination." Defense counsel disagreed, arguing that the show cause hearing contemplated more than "simply an opportunity for Mr. Cheek to just stand there and me stand there and watch [the trial court] read papers." The trial court ruled that "it appears to be a relatively simple, straightforward procedure and hearing." It noted that it had received the annual report and that it did not believe defendant was entitled to "much more than a hearing on that." The trial court subsequently denied the motion for a continuance.
At the July 17, 1998, show cause hearing, the trial court indicated that it had read defendant's file, including the annual report, and found it to be "very clear." Defense counsel argued that the hearing process violated defendant's due process rights because the trial court had not allowed defendant to "attempt to rebut whatever evidence is shown at this hearing." The trial court ultimately ruled that "there is no change in circumstances" and ordered defendant returned to Atascadero State Hospital.

DISCUSSION

Mootness
Prior to oral argument, we requested the parties submit supplemental briefing addressing the question whether the issues presented in this case are moot, as the record indicated that defendant's commitment under the SVPA had expired on July 14, 1999. Defendant confirmed that his commitment had expired and requested the court address the issues because they are capable of repetition while evading appellate review (see, e.g., Alfredo A. v. Superior Court (1994) 6 Cal.4th 1212, 1219, 26 Cal.Rptr.2d 623, 865 P.2d 56) and involve matters of public interest which are likely to recur (see, e.g., Morehart v. County of Santa Barbara (1994) 7 Cal.4th 725, 746-747, 29 Cal.Rptr.2d 804, 872 P.2d 143). We agree, and accordingly exercise our discretion to decide the issue for the guidance of future proceedings before dismissing the appeal as moot. (See Department of Corrections v. Office of Admin. Hearings (1998) 66 Cal.App.4th 1100, 1106, 78 Cal.Rptr.2d 473.)

Section 6605 Show Cause Hearing
Defendant argues that the trial court erred by precluding him from calling and cross-examining witnesses at the show *133 cause hearing. He contends that under section 6605 he was entitled to more than a review of the annual report.
The Attorney General contends that the defendant was not even entitled to a show cause hearing under section 6605 because he failed to file a non-frivolous petition for conditional release under section 6608. We address this issue first.
Section 6605 requires the DMH perform an annual evaluation of a person committed under the SVPA and provide an "annual report" to the court of commitment. (§ 6605, subds.(a) & (b).) The DMH must also provide the committed person "with an annual written notice of his or her right to petition the court for conditional release under Section 6608." (§ 6605, subd. (b).) The notice form must contain a "waiver of rights." (Ibid.) If the SVP "does not affirmatively waive his or her right to petition the court for conditional release, the court shall set a show cause hearing to determine whether facts exist that warrant a hearing on whether the person's condition has so changed that he or she would not be a danger to the health and safety of others if discharged." (Ibid.)
In the instant case, the DMH performed an annual examination of defendant as required by section 6605, subdivision (a) and provided defendant with a notice and waiver form as required by section 6605, subdivision (b). Defendant did not affirmatively waive his right to petition for conditional release under section 6608: he apparently refused to check either box on the notice and waiver form and instead filed a letter requesting a show cause hearing under section 6605.
The Attorney General asserts that defendant's failure to affirmatively waive his right to petition for conditional release did not entitle him to a show cause hearing under section 6605. He argues that in order to obtain a show cause hearing, defendant was required to present the trial court with a non-frivolous petition for conditional release pursuant to section 6608. He relies primarily on People v. Herrera (1998) 66 Cal.App.4th 1149, 78 Cal.Rptr.2d 531 for this proposition.
In Herrera, the defendant received a notice and waiver form similar to the one provided to defendant in this case. He checked a box on the form indicating that he wanted "`a show cause hearing to determine whether my condition has so changed that I would no longer be a danger to the health and safety of others if discharged.'" (Id. at p. 1151, 78 Cal. Rptr.2d 531.) The trial court treated the request for a show cause hearing under section 6605 as a petition for conditional release under section 6608 and summarily denied it without a hearing, finding that the defendant's condition had "`"not so changed that he would not be a danger to others in that it is not likely that he will engage in sexually violent behavior if placed under supervision and treatment in the community." (Section [6608(a)] W & IC).'" (Id. at p. 1152, 78 Cal.Rptr.2d 531.)
On appeal, the defendant argued that the trial court had erred by treating his request for a show cause hearing under section 6605 as a petition for conditional release under section 6608. The Court of Appeal disagreed. The court reasoned that section 6605, subdivision (b) requires the DMH provide the SVP with notice of his or her right to petition for conditional release under section 6608 and that section 6608 requires the court to deny such a petition without a hearing if "it is based upon frivolous grounds." (§ 6608, subd. (a); People v. Herrera, supra, 66 Cal.App.4th at p. 1153, 78 Cal.Rptr.2d 531.) The court concluded that the defendant had not met his burden of providing a non-frivolous petition as required by section 6608: "Other than checking a box on a form, appellant made no factual showing that his commitment should be terminated because his diagnosed mental disorder had changed." (Ibid.)
*134 Defendant notes that Herrera was decided prior to the California Supreme Court's decision in Hubbart v. Superior Court (1999) 19 Cal.4th 1138, 81 Cal. Rptr.2d 492, 969 P.2d 584 and that in Hubbart, the court described the requirements of section 6605 as follows: "Unless the committed person `affirmatively waive[s]' the right to a hearing, the court must annually set a `show cause hearing' to determine whether there is `probable cause' to believe that the person's diagnosed mental disorder has `so changed that he or she is not a danger to the health and safety of others and is not likely to engage in sexually violent criminal behavior if discharged.'" (Id. at p. 1147, 81 Cal.Rptr.2d 492, 969 P.2d 584.) Defendant points out that the Hubbart court later stated that "[a] new mental health evaluation and judicial review of the commitment are required each year, providing the SVP with an opportunity to receive unconditional release and discharge in the event his condition has materially improved." (Id. at p. 1167, 81 Cal.Rptr.2d 492, 969 P.2d 584.)
The Supreme Court did not consider the question presented in this case when it decided Hubbart; rather, it addressed issues related to the constitutionality of the SVPA. Thus, although the language cited by defendant appears to support his argument, it is not necessarily dispositive of the issue raised here. (See People v. Jones (1995) 11 Cal.4th 118, 123, fn. 2, 44 Cal. Rptr.2d 164, 899 P.2d 1358 [cases are not authority for propositions not considered therein].)
To answer the question of what is required in order for a committed person to obtain a show cause hearing under section 6605, "we must look to the language of the statute and accord its words their usual, ordinary, and commonsense meaning based on the language used and the evident purpose for which the statute was adopted. [Citation.] The words of the statute must be construed in their context. [Citation.] We also generally avoid a reading that renders any part of a statute superfluous. [Citation.]" (People v. Aguilar (1997) 16 Cal.4th 1023, 1029-1030, 68 Cal.Rptr.2d 655, 945 P.2d 1204.)
Section 6605, subdivision (b) provides, in pertinent part: "The director [of the DMH] shall provide the committed person with an annual written notice of his or her right to petition the court for conditional release under Section 6608. The notice shall contain a waiver of rights. The director shall forward the notice and waiver form to the court with the annual report. If the person does not affirmatively waive his or her right to petition the court for conditional release, the court shall set a show cause hearing to determine whether facts exist that warrant a hearing on whether the person's condition has so changed that he or she would not be a danger to the health and safety of others if discharged." (Italics added.)
Section 6605, subdivision (b) plainly sets forth only one prerequisite to the show cause hearing: the committed person's failure to "affirmatively waive[ ] his or her right to petition the court for conditional release" upon receipt of the annual written notice and waiver of rights. Although section 6605 does refer to the right to petition for conditional release under section 6608, a comparison of the two statutes confirms that a petition for conditional release is not a prerequisite to the show cause hearing under section 6605.
Section 6605 provides an SVP with the "opportunity to receive unconditional release and discharge ...." (Hubbart v. Superior Court, supra, 19 Cal.4th at p. 1167, 81 Cal.Rptr.2d 492, 969 P.2d 584, italics added; § 6605, subd. (e).) In order to obtain such unconditional release and discharge, the court must hold a show *135 cause hearing to determine whether "probable cause exists to believe that the committed person's diagnosed mental disorder has so changed that he or she is not a danger to the health and safety of others and is not likely to engage in sexually violent criminal behavior if discharged...." (§ 6605, subd. (c).) If the court so finds, then it "shall set a hearing on the issue." (Ibid.) At the subsequent hearing, the People must prove "beyond a reasonable doubt that the committed person's diagnosed mental disorder remains such that he or she is a danger to the health and safety of others and is likely to engage in sexually violent criminal behavior if discharged." (§ 6605, subd. (d).)
By contrast, section 6608 sets forth the procedures for an SVP to obtain conditional release and subsequent unconditional discharge. The statute makes no reference to the section 6605 show cause hearing and does not require the trial court to consider whether the committed person should be unconditionally released (until one year from a ruling granting the person conditional release). Section 6608 requires that the trial court first conduct a facial review of the petition for conditional release. Upon a finding that the petition is not based upon frivolous grounds (§ 6608, subd. (a)), the court "shall hold a hearing to determine whether the person committed would be a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior due to his or her diagnosed mental disorder if under supervision and treatment in the community." (§ 6608, subd. (d), italics added.) The burden of proof at the conditional release hearing is on the committed person. (§ 6608, subd. (i).)
Thus, sections 6605 and 6608 provide two different types of commitment termination  unconditional release (§ 6605) and conditional release (§ 6608)  and two separate processes for each type of commitment termination. The two statutes also set forth two different standards: under section 6608, an SVP may be conditionally released if he or she would not be a danger to others while under supervision and treatment in the community, whereas under section 6605, an SVP may be unconditionally released if he or she would not be a danger to others without such supervision and treatment.
Both statutes ensure that a person will not remain committed if he or she is no longer an SVP, in accordance with stated objective of the SVPA: to identify individuals who have certain diagnosed mental disorders that make them likely to engage in acts of sexual violence and to confine them for treatment of their disorders "only as long as the disorders persist." (Stats. 1995, ch. 763, § 1.) Section 6605 provides such assurance, by requiring an annual show cause hearing on the issue of potential unconditional release unless the committed person acknowledges that his or her condition has not improved, by waiving his or her right to petition for conditional release.
We note that the language of the form provided by the DMH in this case, attached as exhibit A to this opinion, may be somewhat misleading. The form asks the committed person either to waive his or her right to petition for conditional release, or to request a show cause hearing on the issue whether he or she "would no longer be a danger to the health and safety of others if discharged." These two choices may lead a committed person to believe that by checking the box indicating he or she is requesting a show cause hearing, he or she is actually requesting a hearing on the issue of conditional release. As explained above, in order to request a hearing on the issue of conditional release, the committed person must file a petition that contains a factual basis for the request. In order to avoid such misinterpretations, it would be helpful if the "annual *136 written notice" required by section 6605, subdivision (b) contained a clearer explanation of the consequences of a waiver, or failure to waive, the right to petition for conditional release.[5]
Here, we conclude that defendant was entitled to a show cause hearing pursuant to section 6605, because he did "not affirmatively waive his or her right to petition the court for conditional release." (§ 6605, subd. (b).)
We next address the question whether the trial court erred by precluding defendant from calling and cross-examining witnesses at the show cause hearing and instead limiting the hearing to a review of the annual report. Defendant contends he was entitled to the same rights at the section 6605 show cause hearing as he was entitled to at the section 6602 probable cause hearing: not a mere paper review of the petition for commitment but a full evidentiary hearing similar to a preliminary hearing in criminal matters. (People v. Butler, supra, 68 Cal.App.4th 421, 80 Cal.Rptr.2d 357; In re Parker, supra, 60 Cal.App.4th 1453, 71 Cal.Rptr.2d 167.)
Like section 6605, section 6602 does not explicitly refer to the right to call and cross-examine witnesses. The two statutes do refer to the person's right to an attorney and right to a hearing, "both of which arguably imply that something more than a facial review ... is required [citations]." (In re Parker, supra, 60 Cal. App.4th at pp. 1464-1465, 71 Cal.Rptr.2d 167.) Moreover, other provisions of the SVPA demonstrate that the Legislature knows how to limit an evidentiary determination to a facial review or review of documentary evidence only. (Id. at p. 1466, 71 Cal.Rptr.2d 167; see § 6601.5 [in conducting urgency review of petition, trial court determines whether "the petition, on its face, supports a finding of probable cause"]; § 6600, subd. (a) [evidence of past criminal conduct "may be shown with documentary evidence"].) We can infer that the Legislature's failure to use such language in section 6605 indicates that it did not intend to limit the show cause hearing to a facial review of the annual report. (In re Parker, supra, 60 Cal.App.4th at p. 1466, 71 Cal.Rptr.2d 167.)
"[C]ommon sense and fairness" also dictate that an SVP should be permitted to call and cross-examine witnesses at the section 6605 show cause hearing, as a potential SVP may do at the section 6602 probable cause hearing. (In re Parker, supra, 60 Cal.App.4th at p. 1469, 71 Cal. Rptr.2d 167.) As the prosecution may present the opinions of experts through a hearsay report, the SVP should be able to challenge the report's accuracy by calling the experts as witnesses. (See id. at p. 1470, 71 Cal.Rptr.2d 167.) The SVP should also be able to call other witnesses, who "upon a proper showing," the trial court finds to have relevant evidence on the issue of probable cause. (Ibid.)
We conclude that the trial court erred by limiting the section 6605 show cause hearing to a facial review of the annual report. Defendant should have been permitted to call and cross-examine witnesses at the show cause hearing.

Appointment of Expert Prior to Show Cause Hearing
Defendant next contends that the trial court abused its discretion by denying his request for appointment of an expert prior to the show cause hearing. Defendant *137 concedes that because section 6605, subdivision (a) uses permissive rather than mandatory language,[6] the appointment of an expert for an indigent SVP is a matter within the trial court's discretion. (See People v. Ledesma (1997) 16 Cal.4th 90, 95, 65 Cal.Rptr.2d 610, 939 P.2d 1310 [discussing "`shall/may' dichotomy"].)
"While the concept [of] abuse of discretion is not easily susceptible to precise definition, the appropriate test has been enunciated in terms of whether or not the trial court exceeded the bounds of reason, all of the circumstances before it being considered.... In the absence of a clear showing that its decision was arbitrary or irrational, a trial court should be presumed to have acted to achieve legitimate objectives and, accordingly, its discretionary determinations ought not be set aside on review." (Schall v. Lockheed Missiles & Space Co. (1995) 37 Cal. App.4th 1485, 1488, fn. 1, 44 Cal.Rptr.2d 191. [internal quotations and citations omitted].)
In this case, the trial court did not explain its decision to deny defendant's request for appointment of an expert. Defendant contends that the trial court should have exercised its discretion here because the annual report submitted by the DMH did not comport with the requirements of section 6605, subdivision (a) in that it did not contain a "current examination" of defendant's mental condition. He asserts that the trial court should have appointed an expert to perform a "current examination" which would comply with the statute.
As the Attorney General points out, however, the annual report did comply with section 6605, subdivision (a). Dr. Paladino's report was dated June 5, 1998, and filed with the court on June 12, 1998. The prior evaluations of defendant were performed in 1997. The report specified that it was based not only on those prior evaluations, but also information obtained during defendant's commitment. Such information came from defendant's "treatment team," defendant's medical record, and interviews with defendant. The record clearly supports a finding that the report contained a "current examination" of defendant's mental condition.
Additional factors support the trial court's decision to deny defendant's request for an expert. First, the annual report contained no information indicating that defendant's diagnosed mental disorder had changed so that he would no longer be a danger to others and would not be likely to engage in sexually violent criminal behavior if discharged. Second, when defendant requested the trial court appoint an expert to evaluate him, he did not specify whether he disputed any particular findings in the annual report.
Under these circumstances, the trial court's denial of defendant's request for appointment of an expert did not "exceed[ ] the bounds of reason." We therefore conclude that the trial court did not abuse its discretion.

DISPOSITION
The appeal is dismissed as moot.
WUNDERLICH, J., and MIHARA, J., concur.

*138 APPENDIX A

NOTIFICATION OF RIGHT TO PETITION COURT FOR CONDITIONAL RELEASE UNDER WIC 6608
You were committed to ASH under WIC 6604 on 7 / 14/97 (date) from
SANTA CRUZ County. In compliance with WIC Section 6605 (b), this is to provide
you notice that you have the right to petition the court for conditional release under WIC Section
6608 each year. This form will be sent to the Superior Court of your committing County to
inform them that you are waving this right or mat you are requesting them to schedule a show
cause hearing.
_____ I request that my court of commitment schedule a show cause hearing to determine
 whether my condition has so changed that I would no longer be a danger to the health
 and safety of others if discharged.
_____ I waive my right to petition the court for conditional release. This waiver is only
 regarding my right for this current year.

NOTES
[1] All further unspecified section references are to the Welfare and Institutions Code.
[2] "Sexually violent predator" (SVP) is defined in section 6600, subdivision (a) as "a person who has been convicted of a sexually violent offense against two or more victims for which he or she received a determinate sentence and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." Sexually violent offenses, for purposes of the SVP law, are listed in section 6600, subdivision (b). (See also § 6600.1, subd. (a).)
[3] If the person had previously filed a petition for conditional release without the concurrence of the DMH, and if that previous petition was dismissed for any reason, "the court shall deny the subsequent petition unless it contains facts upon which a court could find that the condition of the committed person had so changed that a hearing was warranted." (§ 6608, subd. (a).)
[4] The clerk's transcript indicates this hearing took place on July 8, 1998, while the reporter's transcript indicates the hearing took place on July 10, 1998.
[5] The "annual written notice" should explain that the committed person has the "right to petition the court for conditional release under section 6608." (§ 6605, subd. (b).) It should inform the committed person that if he or she wishes to petition for conditional release, he or she must file a petition with the court of the county in which he or she was committed. The "annual written notice" should further explain that if the committed person does not waive his or her right to petition for conditional release, the court is required to hold a show cause hearing on the issue of unconditional release. Finally, the "annual written notice" should explain the consequences of a waiver of the right to petition for conditional release.
[6] Section 6605, subdivision (a) provides, in pertinent part: "The [committed] person may retain, or if he or she is indigent and so requests, the court may appoint, a qualified expert or professional person to examine him or her, and the expert or professional person shall have access to all records concerning the person."