[No. S083305. June 21, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL THOMAS CHEEK, Defendant and Appellant.

896

## COUNSEL

Steven Fama, under appointment by the Supreme Court, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, René A. Chacón and Bridget A. Billeter, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**KENNARD, J.**—This case concerns the annual review hearing afforded defendants committed under the Sexually Violent Predators Act (Welf. & Inst. Code, § 6600 et seq. (Act)).[1]

The Act provides for civil commitment for a renewable two-year term of criminal defendants who, after serving their prison term, are found to be "sexually violent predator[s]." (§ 6604.) Once so committed, a defendant is entitled to an annual review of his or her mental condition. (§ 6605.) Unless the defendant waives the right to petition for conditional release to a community treatment program (§ 6608), the superior court annually must conduct a "show cause hearing" to determine whether "probable cause exists to believe that the committed person's diagnosed mental disorder has so changed that he or she is not a danger to the health and safety of others and is not likely to engage in sexually violent criminal behavior if discharged." (§ 6605, subd. (c).) If the court finds probable cause, it orders a trial, by jury

---

[1]Unless otherwise noted, all statutory citations are to the Welfare and Institutions Code.

if requested, to determine if the defendant should be discharged. (§ 6605, subds. (c)-(d).)

At issue here is the meaning of the phrase "show cause hearing" in section 6605. The People contend that this is nothing more than a "paper hearing," involving only the scrutiny of mental health reports and other pertinent documents. But the Court of Appeal, agreeing with defendant, held that the defendant has the right to call witnesses and to cross-examine the state's witnesses at the hearing. We granted review because of a conflict between that decision and the Court of Appeal's decision in *People v. Herrera* (1998) 66 Cal.App.4th 1149 [78 Cal.Rptr.2d 531]. We agree with the Court of Appeal's view here, and we affirm its interpretation of the Act.

## I

In 1997, defendant Michael Thomas Cheek was found to be a sexually violent predator and was committed to the California Department of Mental Health for two years. In 1998 the department, as required by section 6605, subdivisions (a) and (b), examined defendant's mental condition and gave him written notice of his right to petition the court for conditional release under section 6608. The notice gave defendant two options: (1) to petition for conditional release to a community treatment program; or (2) to waive his right to so petition. Defendant did not check either box.

Because defendant did not affirmatively waive his right to petition for conditional release, the superior court was required to conduct a show cause hearing. (§ 6605, subd. (b).) The court denied defense counsel's request for appointment of an expert. Counsel further objected to the proceedings on the ground that the court would not give him an opportunity to cross-examine the author of the state's medical report or to present evidence on his client's behalf. The trial court did not comment on this objection. Ruling solely on the basis of the written reports, it found no change in defendant's mental condition and ordered defendant to remain in Atascadero State Hospital for the duration of the original two-year term of commitment.

## II

Defendant's original two-year civil commitment under the Act expired on July 14, 1999, while his appeal was pending. The issue he raises, however, is one likely to recur while evading appellate review (see *Thompson v. Department of Corrections* (2001) 25 Cal.4th 117, 122 [105 Cal.Rptr.2d 46, 18 P.3d 1198]; *Alfredo A. v. Superior Court* (1994) 6 Cal.4th 1212, 1219 [26 Cal.Rptr.2d 623, 865 P.2d 56]) and involves a matter of

public interest (see *Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 746-747 [29 Cal.Rptr.2d 804, 872 P.2d 143]). The Court of Appeal therefore exercised its discretion to decide the issue for the guidance of future proceedings before dismissing the case as moot. We will do the same.

### III

In *Kansas v. Hendricks* (1997) 521 U.S. 346 [117 S.Ct. 2072, 138 L.Ed.2d 501], the United States Supreme Court upheld the constitutionality of the Kansas Sexually Violent Predator Act. In rejecting Hendricks's argument that the act was punitive, the high court observed that Kansas's provision for an annual review of the defendant's mental condition showed "that Kansas does not intend an individual committed pursuant to the Act to remain confined any longer than he suffers from a mental abnormality rendering him unable to control his dangerousness." (521 U.S. at p. 364 [117 S.Ct. at p. 2083].)

The California Act is similarly "designed to ensure that the committed person does not 'remain confined any longer than he suffers from a mental abnormality rendering him unable to control his dangerousness.'" (*Hubbart v. Superior Court* (1999) 19 Cal.4th 1138, 1177 [81 Cal.Rptr.2d 492, 969 P.2d 584].) It therefore provides two ways a defendant can obtain review of his or her current mental condition to determine if civil confinement is still necessary. Section 6608 permits a defendant to petition for *conditional* release to a community treatment program. Our focus here, however, is on section 6605, which calls for an annual review of a defendant's mental status[2] that may lead to *unconditional* release.

Subdivision (b) of section 6605 states: "The director shall provide the [defendant] with an annual written notice of his or her right to petition the court for conditional release under Section 6608. The notice shall contain a waiver of rights. The director shall forward the notice and waiver form to the court with the annual report. *If the [defendant] does not affirmatively waive his or her right to petition the court for conditional release the court shall set a show cause hearing* to determine whether facts exist that warrant a hearing on whether the [defendant's] condition has so changed that he or she would not be a danger to the health and safety of others if discharged. The [defendant] shall have the right to be present and to have an attorney represent him or her at the show cause hearing." (Italics added.) If the court finds probable cause, it sets the matter for trial. (§ 6605, subd. (c).) If at trial

[2]"A person found to be a sexually violent predator and committed to the custody of the State Department of Mental Health shall have a current examination of his or her mental condition made at least once every year." (§ 6605, subd. (a).)

the trier of fact finds for the defendant, he or she is entitled to *unconditional* release. (§ 6605, subd. (e).)

 Because defendant did not waive his right to seek conditional release to a community treatment program, section 6605, subdivision (b), required the court to conduct a "show cause hearing" to determine whether to conduct a trial that might lead to defendant's unconditional release.[3] Under section 6605, subdivision (b), it is immaterial that defendant did not petition for conditional release.

 "The applicable principles of statutory construction are well settled. 'In construing statutes, we must determine and effectuate legislative intent.' (*Woods* v. *Young* (1991) 53 Cal.3d 315, 323 [279 Cal.Rptr. 613, 807 P.2d 455].) 'To ascertain intent, we look first to the words of the statutes' (*ibid.*), 'giving them their usual and ordinary meaning.' (*DaFonte* v. *Up-Right, Inc.* (1992) 2 Cal.4th 593, 601 [7 Cal.Rptr.2d 238, 828 P.2d 140].)" (*Lennane v. Franchise Tax Bd.* (1994) 9 Cal.4th 263, 268 [36 Cal.Rptr.2d 563, 885 P.2d 976].) " ' " 'In analyzing statutory language, we seek to give meaning to every word and phrase in the statute to accomplish a result consistent with the legislative purpose . . . .' " [Citation.]' " (*Snukal v. Flightways Manufacturing, Inc.* (2000) 23 Cal.4th 754, 778 [98 Cal.Rptr.2d 1, 3 P.3d 286].)

 We apply these principles to the construction of section 6605. Although the language of section 6605 does not expressly describe the nature of the show cause hearing, we can draw reasonable inferences from the words chosen and from consideration of the similarities and differences between section 6605 and other provisions of the Act. Section 6605 resembles section 6602, which provides for a probable cause hearing in connection with an *initial* commitment under the Act. Section 6602 says: "A judge of the superior court shall review the petition and shall determine whether there is probable cause to believe that the [defendant] is likely to engage in sexually violent predatory criminal behavior upon his or her release. The [defendant] shall be entitled to assistance of counsel at the probable cause hearing." If the court finds probable cause, it refers the matter for a trial to determine if the defendant is a sexually violent predator. (*Ibid.*)

In *In re Parker* (1998) 60 Cal.App.4th 1453 [71 Cal.Rptr.2d 167], the Court of Appeal, construing section 6602, observed that both the section's

---

[3]It is not clear why the Legislature provided that the waiver of a right to petition for *conditional* release should operate as a waiver of the right to an annual review hearing that could lead to an *unconditional* release. The Legislature may have believed that if the defendant conceded his or her condition had not changed sufficiently to warrant conditional release, then almost certainly it had not changed enough to warrant unconditional release.

reference to a hearing and its reference to the right of the defendant to have an attorney present imply something more than a paper review. (60 Cal.App.4th at p. 1464; see *Gerstein v. Pugh* (1975) 420 U.S. 103, 122 [95 S.Ct. 854, 867-868, 43 L.Ed.2d 54].) *Parker* noted that other provisions of the Act, such as section 6601.5, clearly limited judicial action to "only a paper review," but that section 6602 did not. (60 Cal.App.4th at p. 1466.) *Parker* also analogized section 6602 to pretrial administrative proceedings under the Lanterman-Petris-Short Act (§ 5000 et seq.) and other civil commitment proceedings, as well as to preliminary hearings in criminal prosecutions, all of which grant a defendant the opportunity to present evidence. (60 Cal.App.4th at pp. 1467-1468.) *Parker* then expressly concluded that a defendant at a section 6602 probable cause hearing should have the right to present both oral and written evidence and to cross-examine the authors of any adverse medical reports. (60 Cal.App.4th at pp. 1469-1470.)

Section 6605, like section 6602, provides for a pretrial hearing and grants the defendant the right to be present and to be represented by an attorney at that hearing. The parallel language and function of sections 6605 and 6602 indicate that section 6605 should be construed to grant a defendant the same rights to present evidence and cross-examine witnesses as he has under section 6602.

Moreover, the Court of Appeal here observed: "[O]ther provisions of the [Act] demonstrate that the Legislature knows how to limit an evidentiary determination to a facial review or review of documentary evidence only. (. . . [S]ee § 6601.5 [in conducting urgency review of petition, trial court determines whether 'the petition, on its face, supports a finding of probable cause']; § 6600, subd. (a) [evidence of past criminal conduct 'may be shown with documentary evidence'].) We can infer that the Legislature's failure to use such language in section 6605 indicates that it did not intend to limit the show cause hearing to a facial review of the annual report."

The Attorney General points to the differences in wording between section 6602, subdivision (a)'s reference to a "probable cause hearing" and section 6605, subdivision (b)'s reference to a "show cause hearing." We note, however, that although subdivision (b) speaks only of a show cause hearing, subdivision (c) uses the terms "show cause" and "probable cause" interchangeably, providing: "If the court at the *show cause* hearing determines that *probable cause* exists to believe that the [defendant's] diagnosed mental disorder has so changed that he or she is not a danger to the health and safety of others and is not likely to engage in sexually violent criminal behavior if discharged, then the *court shall set* a hearing on the issue." (§ 6605, subd. (c), italics added.) Nothing in this language suggests that a "hearing [that]

determines [if] probable cause exists," as provided in section 6605, subdivision (c), should differ from the "probable cause hearing" of section 6602.

The concept of a hearing on an order to show cause occurs throughout the law and does not necessarily imply the absence of oral evidence. In habeas corpus cases, a hearing on an order to show cause generally involves oral testimony if there are disputed issues of fact. (See Pen. Code, § 1484.) In family law practice, a show cause hearing may or may not involve oral testimony, depending on the case. (See *Reifler v. Superior Court* (1974) 39 Cal.App.3d 479, 485 [114 Cal.Rptr. 356].) In equity practice, a hearing to show cause may or may not include oral testimony. (See *Continental Baking Co. v. Katz* (1968) 68 Cal.2d 512, 527 [67 Cal.Rptr. 761, 439 P.2d 889]; *Eddy v. Temkin* (1985) 167 Cal.App.3d 1115, 1120-1121 [213 Cal.Rptr. 597].) We therefore cannot conclude that the Legislature's use of the phrase "show cause hearing" in section 6605 signifies an intent to preclude oral testimony and cross-examination.

The Attorney General also asserts that two decisions of courts in other states have construed statutes functionally similar to section 6605 to require only a "paper hearing." (*In re Detention of Petersen* (1999) 138 Wash.2d 70 [980 P.2d 1204]; *In re Paulick* (1997) 213 Wis.2d 432 [570 N.W.2d 626].) In *Detention of Petersen* the Washington Supreme Court described the "show cause hearing" as a "summary proceeding" (138 Wash.2d at p. 86 [980 P.2d at p. 1213]), but did not bar the defense from presenting evidence; to the contrary, it noted the defendant's statutory right to have experts appointed to evaluate the defendant and testify on his behalf. (*Id.* at p. 92 [980 P.2d at p. 1216].)[4] The Court of Appeals of Wisconsin relied for its conclusion on statutory language (Wis. Stat. § 980.09(2)(a)) that the defendant was *not* entitled to be present at the hearing. (*In re Paulick, supra*, 213 Wis.2d 432, 437 [570 N.W.2d 626, 628].) In contrast, California's section 6605, subdivision (b), provides that the defendant has a right to be present at the hearing.

The Attorney General argues that section 6605 should be construed to align it with section 6608, which governs petitions for conditional release.[5] Section 6608 provides in pertinent part: "Upon receipt of a first or subsequent petition from a [defendant] without the concurrence of the director, the

---

[4]The Washington statute was amended after *Petersen* to provide that the hearing "may be conducted solely on the basis of affidavits and declarations." (2001 Wash. Laws, ch. 286, § 9.)

[5]Section 6608 permits a judge to dismiss a petition for conditional release as frivolous "either upon review of the petition or following a hearing." In the Court of Appeal, the Attorney General argued that under *People v. Herrera, supra*, 66 Cal.App.4th 1149, the judge at the section 6605 show cause hearing also had the power to dismiss a petition as frivolous without a hearing. In his brief to this court, however, the Attorney General asserts: "[T]he

court shall endeavor whenever possible to review the petition and determine if it is based upon frivolous grounds and, if so, shall deny the petition without a hearing. The [defendant] petitioning for conditional release and unconditional discharge under this subdivision shall be entitled to assistance of counsel." (§ 6608, subd. (a).) Relying on this language, the Court of Appeal in *Herrera* held that a judge may dismiss an application for an annual review under section 6605 as frivolous if neither the application nor the medical reports contain anything to show that the defendant's condition had changed. (*People v. Herrera, supra*, 66 Cal.App.4th at p. 1153.)

There are, however, critical differences in language and purpose between sections 6605 and 6608. Section 6605 gives the superior court no option but to hold a hearing; section 6608 permits the court to deny a petition as frivolous "either upon review of the petition or following a hearing." Section 6605 grants the defendant the right to be present with counsel *at the hearing*; section 6608 provides the defendant with the "assistance of counsel." But although counsel could assist a defendant in drafting a petition and could participate in a hearing if one were held, there seems no role for counsel to play in the superior court's decision under section 6608 whether to dismiss a petition as frivolous.

There are also critical differences in function between the two statutes. Section 6608, which provides for conditional release to a community treatment program, does not mention section 6605, and permits a defendant to be unconditionally released only after the defendant has spent a year in a conditional release program. Section 6605, on the other hand, permits unconditional release without prior placement in a conditional release program.

Moreover, a petition for conditional release under section 6608 may be initiated at any time by the defendant, who can accompany such a petition with an explanation why conditional release should be granted. The superior court can review the explanation and determine if the petition is frivolous. In contrast, a proceeding for status review under section 6605 is initiated by the Department of Mental Health without any request by the defendant and is not accompanied by any argument by the defendant. Indeed, the defendant need do nothing affirmatively at all, for the right to the annual review arises automatically unless the defendant affirmatively waives the right to petition for conditional release. As the Attorney General now recognizes (see fn. 5, *ante*), there is no anomaly in permitting a superior court to dismiss a section 6608 petition as frivolous while not permitting it to avoid a mandated annual review on that ground.

---

*Herrera* court was incorrect in finding that the defendant was not entitled to a show cause hearing. The defendant is entitled to a show cause hearing, but the show cause hearing is merely a paper review of the documentary evidence."

In view of the differences in language and function between section 6605 and section 6608, the Court of Appeal in *People v. Herrera, supra,* 66 Cal.App.4th 1149, erred in holding that a superior court at a show cause hearing under section 6605 could, by analogy to the court's power under section 6608, dismiss the proceeding as frivolous without a hearing at which the defendant had the right to present evidence and conduct cross-examination. We therefore disapprove *People v. Herrera, supra,* 66 Cal.App.4th 1149.

## IV

We conclude, as the Court of Appeal did in this case, that a defendant at a show cause hearing under section 6605 has a right to present oral testimony, including expert testimony, and to cross-examine the authors of adverse medical reports.

Because defendant's confinement as a sexually violent predator terminated during the pendency of the appeal, we affirm the Court of Appeal's judgment dismissing the appeal as moot.

George, C. J., Baxter, J., Werdegar, J., Chin, J., and Brown, J., concurred.