Filed 6/18/14  P. v. Woodis CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, | D064244 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SDC123601) |
| DENO EUGENE WOODIS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Kenneth K. So and Timothy R. Walsh, Judges.  Appeal dismissed as moot.

Rudy Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, Charles C. Ragland, Kathryn Kirschbaum and Alastair J. Agcaoili, Deputy Attorneys General for Plaintiff and Respondent.

INTRODUCTION

Deno Eugene Woodis appeals from an order extending his involuntary commitment as a mentally disordered offender (MDO). (Pen. Code, § 2960 et seq.) Woodis contends we must reverse the order because the trial court erred by (1) failing to hold a *Marsden*[1] hearing following his written *Marsden* motions, and (2) allowing his trial attorney to waive his right to a jury trial over his objection. We conclude these contentions are moot and dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND

In 1996 Woodis pleaded guilty to committing a lewd or lascivious act with a child under the age of 14 (Pen. Code, § 288, subd. (a)). The victim was a four-year-old girl. Woodis admitted he orally copulated her and had her both orally copulate and masturbate him. He denied other sexual activity with her, stating he "would not have [had] sexual intercourse with her until she was of legal age or puberty, maybe 12 or 13." He also admitted he had previously taught two young boys, whom he babysat, to masturbate and orally copulate him and one another.

After serving his prison sentence, Woodis was involuntarily committed to a state hospital as an MDO in 2004. His commitment was extended annually through May 2012.

In January 2013 the People petitioned to extend Woodis's commitment another year. In March, the court received two letters from Woodis. In the first letter, labeled

---

[1] See *People v. Marsden* (1970) 2 Cal.3d 118, 123-126 (*Marsden*).

"*Marsden* Motion," Woodis stated he was filing the motion against his court-appointed attorney because his attorney had not visited him and had not responded to his correspondence or calls. He also said he wanted a jury trial and he wanted his attorney to subpoena his prison records.

In the second letter, also labeled "*Marsden* Motion," he reiterated his desire for a jury trial. He also expressed some opinions about child molesters and the circumstances under which they deserved to be released into the community. Unlike the first letter, the second letter did not mention his attorney by name or criticize any aspect of his attorney's performance. Instead, the letter simply acknowledged the court would provide him with an attorney, the attorney needed to represent him to the fullest of the attorney's ability, including obtaining past prison records, and the attorney must meet with him and show him the planned defense.

The court subsequently set the matter for a status conference. Meanwhile, Woodis sent the court a third letter inquiring about the status of his *Marsden* motion and requesting a court date to hear the motion "as [he] now [had] a tentative court date on the principal issue included in the *Marsden*."

Shortly before the status conference, two court-appointed psychiatrists evaluated Woodis. Both psychiatrists diagnosed him with schizoaffective disorder, bipolar type and pedophilia, nonexclusive. In addition, both psychiatrists opined these disorders were not in remission and he continued to pose a substantial danger of physical harm to others because of them. The psychiatrists' opinions were based in part on Woodis's failure to

3

meet most of his recovery plan goals, poor attendance in group therapy, and recent incidents of agitated and assaultive behavior.

At the status conference, the court, at Woodis's request, set the matter for trial, but left open the question whether the trial would be a jury trial or a court trial. Because the trial would occur after Woodis's maximum commitment date, the court asked Woodis directly whether he waived his right to have the trial occur sooner. Woodis affirmatively indicated his waiver. Neither he, his counsel, nor the court addressed his prior *Marsden* correspondence.

At trial, defense counsel waived Woodis's right to a jury trial over Woodis's objection. The parties then submitted on the psychiatrists' reports. After reviewing the reports and considering the parties' arguments, the court granted the recommitment petition, finding beyond a reasonable doubt Woodis suffered from a severe mental disorder, the disorder was not in remission, and, because of the disorder, he presented a substantial danger of physical harm to others. The court then extended Woodis's commitment for another year to May 7, 2014. Although Woodis interjected multiple times during the trial, he did not inquire about his prior *Marsden* correspondence, request a *Marsden* hearing, or otherwise state he was dissatisfied with and wanted to replace his attorney.

## DISCUSSION

Woodis contends the court erred by failing to hold a *Marsden* hearing and by allowing his attorney to waive his right to a jury trial over his objection. By the time Woodis filed his reply brief, the challenged commitment was due to expire in

4

approximately one month. Since the remedy he sought for both claimed errors was a new trial, which we could not provide him within the time remaining on the challenged commitment, we requested and received supplemental briefing from the parties addressing whether his appeal was moot and, if so, whether we should decide it nonetheless.

After reviewing the supplemental briefing, we conclude that, even if we were to decide this appeal entirely in Woodis's favor, we cannot provide him with any effective relief at this late juncture. We cannot provide him with a new trial because the commitment he is challenging will have expired before our decision becomes final. Similarly, we cannot effectively remedy any opportunity he may have lost to preempt his former attorney or former attorney's office from representing him in any pending commitment proceedings as those proceedings will likely have concluded before our decision becomes final. Moreover, the mere fact he may have been denied a *Marsden* hearing in this case would not have precluded him from attempting to challenge the attorney in any pending commitment proceedings. Accordingly, we conclude this appeal is moot. (*People v. Travis* (2006) 139 Cal.App.4th 1271, 1280 [an appeal is moot when the appellate court cannot grant any effective relief].)

Nonetheless, we have the discretion to decide moot issues involving matters of public interest likely to recur and yet evade review. (See, e.g., *People v. Cheek* (2001) 25 Cal.4th 894, 897-898.) Woodis does not seriously contend we should decide the jury trial issue despite its mootness. He acknowledges the California Supreme Court is currently reviewing whether a person subject to MDO proceedings must personally waive his or

her jury trial right.  (*People v. Blackburn* (2013) Cal. LEXIS 6688, review granted Aug. 14, 2013, S211078.)  Given the Supreme Court's impending guidance, there is no public interest to be served by our deciding the issue.

Conversely, Woodis contends we should decide the *Marsden* issue for two reasons.  First, he contends we should decide the issue because there is no case authority directly applying *Marsden* to MDO proceedings.  There is only case authority applying *Marsden* to analogous sexually violent predator and conservatorship proceedings. (*People v. Hill* (2013) 219 Cal.App.4th 646, 652; *Conservatorship of David L.* (2008) 164 Cal.App.4th 701, 710-712.)  While the absence of direct authority will sometimes persuade us to exercise our discretion to decide an otherwise moot issue, it does not persuade us in this instance because the parties both agree *Marsden* applies to MDO proceedings.  (See, e.g., *Lockaway Storage v. County of Alameda* (2013) 216 Cal.App.4th 161, 176 [declining to decide a moot petition absent a material question requiring a decision].)

Woodis also contends we should decide the *Marsden* issue because the parties disagree on whether Woodis properly sought a *Marsden* hearing, whether he later abandoned his desire for a *Marsden* hearing, and the appropriate remedy for a *Marsden* violation.  However, as the People point out, the resolution of the *Marsden* issue is essentially fact-driven and, consequently, unlikely to provide much guidance in future cases.  We, therefore, decline to decide the issue notwithstanding its mootness.  (See, e.g., *MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 215 [dismissing moot appeal "given the fact-driven nature of the questions presented"];

6

*Giles v. Horn* (2002) 100 Cal.App.4th 206, 228 [declining to decide a moot issue "dependent upon the specific facts of a given situation"].)

DISPOSITION

The appeal is dismissed as moot.


McCONNELL, P. J.

WE CONCUR:

NARES, J.

IRION, J.