[No. H024218. Sixth Dist. Nov. 5, 2002.]

MICHAEL THOMAS CHEEK, Petitioner, v.
THE SUPERIOR COURT OF SANTA CRUZ, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Biggam, Christensen & Minsloff and William R. Weigel for Petitioner.

No appearance for Respondent.

Bill Lockyer, Attorney General, and Moona Nandi, Deputy Attorney General, for Real Party in Interest.

## OPINION

BAMATTRE-MANOUKIAN, Acting P. J.—Michael Thomas Cheek petitions for relief from the order of respondent Santa Cruz County Superior Court transferring to Lake County the People's petitions to extend his commitment under the Sexually Violent Predators Act (Welf. & Inst. Code, § 6600 et seq.).[1]

The SVPA confers jurisdiction over a petition for commitment to "the superior court of the county in which the person was convicted of the offense for which he or she was committed to the jurisdiction of the Department of Corrections." (§ 6601, subd. (i).) Cheek was committed to the jurisdiction of the Department of Corrections for offenses that he committed in three separate counties: Lake County, Santa Cruz County, and Contra Costa County. We hold that because each of the three counties qualified as "the county in which the person was convicted of the offense for which he or she was committed to the jurisdiction of the Department of Corrections," (§ 6601, subd. (i)), each county, including Santa Cruz, had jurisdiction over the SVPA proceedings. We will therefore issue a peremptory writ directing the Santa Cruz County Superior Court to reconsider its order transferring the petitions to Lake County.

### I. BACKGROUND

In 1979, Cheek was convicted of vehicle theft in Contra Costa County. He was placed on probation for that offense.

In 1980, Cheek was convicted of rape and forcible oral copulation in Santa Cruz County. Allegations of firearm use were found true. The Santa Cruz County Superior Court imposed a 20-year prison term, but before Cheek commenced serving that prison term, he was transported to Contra Costa County for probation violation proceedings.

Before probation violation proceedings commenced in Contra Costa County, Cheek escaped from custody and committed another rape, in Lake County. In 1981, Cheek was convicted of rape and furnishing a controlled substance to minors in Lake County. A firearm allegation was found true. The Lake County Superior Court imposed a prison term of 11 years and four months, consecutive to Cheek's Santa Cruz County sentence.

Before being transported to prison to begin serving his Lake County and Santa Cruz County sentences, Cheek was again returned to Contra Costa

---

[1]Unspecified section references are to the Welfare and Institutions Code. Hereafter, we will refer to the Sexually Violent Predators Act as "the SVPA."

County for probation violation proceedings. In 1983, the Contra Costa County Superior Court revoked his probation for the 1979 vehicle theft conviction. He was sentenced to an eight-month prison term, consecutive to the sentences imposed in Santa Cruz County and Lake County. The abstract of judgment/prison commitment form from Contra Costa County listed the convictions from all three counties and "combined" the sentences from all three counties into a 32-year prison term, "as though they were all counts in the [Contra Costa County] case." (Cal. Rules of Court, rule 4.452.)[2]

After imposition of sentence in Contra Costa County, Cheek commenced serving his prison term. At the end of his prison term, SVPA proceedings were instituted against Cheek in Santa Cruz County. On July 14, 1997, he was found to be a sexually violent predator and was committed to the custody of the State Department of Mental Health (DMH) for two years. The California Supreme Court upheld that commitment in *People v. Cheek* (2001) 25 Cal.4th 894 [108 Cal.Rptr.2d 181, 24 P.3d 1204].

On May 27, 1999, the District Attorney of Santa Cruz County filed a petition to extend Cheek's commitment for two more years (from July 14, 1999, to July 13, 2001). We found that petition deficient because it was not supported by two psychological evaluations and ordered the superior court to dismiss it. (See *Butler v. Superior Court* (2000) 78 Cal.App.4th 1171 [93 Cal.Rptr.2d 468] (*Butler II*).) On April 19, 2000, the district attorney filed a new petition for extended commitment, which *was* supported by two psychological evaluations. (See *People v. Superior Court (Butler)* (2000) 83 Cal.App.4th 951 [100 Cal.Rptr.2d 199] (*Butler III*) [holding that the district attorney could proceed on the new petition].) Trial on the second commitment period was delayed by these and other litigation issues, and eventually resulted in a mistrial. On March 20, 2001, the district attorney filed a petition to commit Cheek for a third two-year period (from July 14, 2001, to July 13, 2003). (See *People v. Superior Court (Cheek)* (2001) 94 Cal.App.4th 980 [114 Cal.Rptr.2d 760] [addressing discovery issues with respect to that petition].) Both petitions to extend Cheek's commitment are still pending, and have been consolidated for trial.

On February 1, 2002, Cheek filed a motion to dismiss the pending petitions for extended commitment. He argued that Santa Cruz County did

---

[2]Unspecified rule references are to the California Rules of Court. Rule 4.452 provides, in pertinent part: "If a determinate sentence is imposed pursuant to section 1170.1(a) consecutive to one or more determinate sentences imposed previously in the same court or in other courts, the court in the current case shall pronounce a single aggregate term, as defined in section 1170.1(a), stating the result of combining the previous and current sentences. In those situations: [¶] (1) The sentences on all determinately sentenced counts in all of the cases on which a sentence was or is being imposed shall be combined as though they were all counts in the current case."

not have jurisdiction over the petitions. He asserted that "the proper venue for the filing of a petition for commitment under the Sexually Violent Predator[s] Act is the county in which the potential SVP was last sent to the state prison." Thus, he claimed, only Contra Costa County had jurisdiction.

In response to Cheek's motion to dismiss, the People argued that Santa Cruz County did have jurisdiction because Cheek was "serving a sentence that was a combination of convictions from Santa Cruz and Lake Counties for charges that define [him] as a Sexually Violent Predator, in addition to other convictions from Contra Costa County." The People alternatively argued that if the matter was going to be transferred, it should go to Lake County, because "the last conviction was out of Lake County."

The trial court refused to dismiss the petitions, but agreed to transfer the matter to Lake County. Cheek then filed the instant petition for writ of mandate. On April 8, 2002, we filed an order staying all proceedings, to permit further consideration of the issues. On June 17, 2002, we issued an order to show cause.

## II. Discussion

Cheek argues that the petitions for extended commitment under the SVPA should be dismissed because neither Santa Cruz County nor Lake County has jurisdiction. He claims that the petitions should have been filed in Contra Costa County. The People claim that the SVPA petitions could have been filed in any of the three counties. While they believe Santa Cruz County has jurisdiction over the pending petitions, they do not oppose the transfer to Lake County, and they "acknowledge that Contra Costa County is a third county in which venue would be proper."

We begin our analysis by reviewing the procedures for filing a petition to commit a person under the SVPA. The process begins when the Director of the Department of Corrections determines that a prisoner "may be a sexually violent predator." (§ 6601, subd. (a)(1).) Upon making that determination, the Director of the Department of Corrections "shall" refer the person for an initial screening evaluation. (*Ibid.*) If "as a result of this screening it is determined that the person is likely to be a sexually violent predator, the Department of Corrections shall refer the person" to the DMH for a "full evaluation." (§ 6601, subd. (b).) If two DMH evaluators "concur that the person has a diagnosed mental disorder so that he or she is likely to engage in acts of sexual violence without appropriate treatment and custody," the DMH "shall forward a request for a petition for commitment under Section 6602 to the county designated in subdivision (i)." (§ 6601, subd. (d).) The

DMH shall provide copies of the evaluation reports to "the attorney designated by the county pursuant to subdivision (i) who *may* file a petition for commitment." (*Ibid.*, italics added.) "If the county's designated counsel concurs with the recommendation, a petition for commitment shall be filed in the superior court of the county in which the person was convicted of the offense for which he or she was committed to the jurisdiction of the Department of Corrections." (§ 6601, subd. (i).)

Here, Cheek was committed to prison by the Superior Courts of Santa Cruz County, Lake County, and Contra Costa County. He was serving an aggregate sentence comprised of the terms imposed in each of the three counties. We must determine whether, under such circumstances, the SVPA petitions were properly filed in Santa Cruz County.

 In interpreting the relevant provisions of the SVPA, we apply ordinary rules of statutory construction. " 'The goal of statutory construction is to ascertain and effectuate the intent of the Legislature. [Citation.] Ordinarily, the words of the statute provide the most reliable indication of legislative intent. [Citation.] When the statutory language is ambiguous, the court may examine the context in which the language appears, adopting the construction that best harmonizes the statute internally and with related statutes. [Citations.]' [Citation.] ' "When the language is susceptible of more than one reasonable interpretation . . . , we look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part." ' [Citation.]" (*People v. Jefferson* (1999) 21 Cal.4th 86, 94 [86 Cal.Rptr.2d 893, 980 P.2d 441].)

 Cheek points out that the Legislature used a singular phrase, specifying that a petition "shall be filed in the superior court of *the county* in which the person was convicted of the offense for which he or she was committed to the jurisdiction of the Department of Corrections." (§ 6601, subd. (i), italics added.) He argues that this indicates the Legislature intended that there be only one county with jurisdiction in an SVPA case. We disagree that any such legislative intent is shown by the phrase "the county." Section 13 specifies that throughout the Welfare and Institutions Code, the singular includes the plural and the plural includes the singular.[3] Therefore, the phrase "the county" is not limited to one county when there is more than

---

[3]Section 13 provides: "The singular number includes the plural, and the plural number includes the singular."

one county "in which the person was convicted of the offense for which he or she was committed to the jurisdiction of the Department of Corrections."[4]

Under the plain language of the statute, Santa Cruz County clearly qualifies as one of "the count[ies] in which the person was convicted of the offense for which he or she was committed to the jurisdiction of the Department of Corrections." (§ 6601, subd. (i).) In Santa Cruz County, Cheek was convicted of two of the offenses (rape and forcible oral copulation) for which he was committed to the jurisdiction of the Department of Corrections. This same analysis would also apply to both Lake County, where he was convicted of rape and furnishing a controlled substance to minors, and Contra Costa County, where he was convicted of vehicle theft. Each of those counties qualifies, under the plain language of the statute, as one of "the count[ies] in which the person was convicted of the offense for which he or she was committed to the jurisdiction of the Department of Corrections." (§ 6601, subd. (i).) Defendant's status as a prisoner was based on the aggregate sentence comprised of the prison commitments imposed in all three counties.

Cheek notes that the Contra Costa County Superior Court committed him to prison after combining the sentences for the Santa Cruz County, Lake County, and Contra Costa County convictions in its judgment, "as though they were all counts in the [Contra Costa County] case." (Rule 4.452.) He claims that it would be inconsistent with rule 4.452 to interpret section 6601, subdivision (i) as conferring jurisdiction on any of the three counties. However, section 6601 refers simply to the county that committed the person to prison. Nothing in the statute indicates that only the *last* county to commit the person to prison has jurisdiction. ■ "Where the words of the statute are clear, we may not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history." (*Burden v. Snowden* (1992) 2 Cal.4th 556, 562 [7 Cal.Rptr.2d 531, 828 P.2d 672].)

■ Cheek also relies on *People v. Superior Court (Whitley)* (1999) 68 Cal.App.4th 1383 [81 Cal.Rptr.2d 189] where the court stated that the DMH sends a request for a petition for commitment "to the county in which the prisoner was last convicted." (*Id.* at p. 1389.) He cites a similar statement in *Garcetti v. Superior Court* (1998) 68 Cal.App.4th 1105, 1111 [80 Cal.Rptr.2d 724]. As the People point out, however, neither case addressed the issue presented here. The cited statements were made in the context of preliminary descriptions of the SVPA and do not provide guidance on the issue before us.

---

[4]Similarly, the phrase "the offense" is not to be read literally. Clearly, the Legislature intended to cover cases where the person has been committed to prison for multiple offenses.

We requested that the parties address whether there are any foreseeable problems with interpreting section 6601 in a way that vests jurisdiction in multiple counties in this case or similar cases. Both parties addressed the question of how to decide on the county in which a petition is ultimately filed.

The People assert that the decision on where to file an SVPA petition should be "left to the discretion of the governmental agencies involved." They suggest that the DMH should come up with guidelines for deciding on the county to receive the request for a commitment petition. Cheek disputed whether the statute conferred such discretion upon the DMH and expressed concerns about forum shopping.

We do not believe that the DMH has discretion for determining the county that will receive the recommendation to file the SVPA petition. The SVPA scheme does not provide for any discretionary decisions by the DMH or Department of Corrections. Pursuant to section 6601, subdivision (h), the DMH "shall forward a request for a petition to be filed for commitment under this article to the county designated in subdivision (i)." Thus, the DMH must send a request for a petition to *each* county that qualifies as "the county in which the person was convicted of the offense for which he or she was committed to the jurisdiction of the Department of Corrections." (§ 6601, subd. (i).) The DMH has no discretion to select among multiple counties in cases like Cheek's.

We believe that the discretion to decide where to file the petition belongs to the designated attorney of each county. Section 6601, subdivision (h) provides: "the attorney . . . *may* file a petition for commitment in the superior court." (Italics added.) This indicates that the designated attorney has discretion to decide *whether* to file a petition for commitment, and we believe that this discretion encompasses the decision on *where* to file the petition, in cases where more than one county has jurisdiction. (See *Manduley v. Superior Court* (2002) 27 Cal.4th 537, 560 [117 Cal.Rptr.2d 168, 41 P.3d 3] ["where the Legislature has specified more than one location in which venue is proper, prosecutors may choose the forum in which to file criminal charges."].)

As applied to the circumstances of this case, we conclude that the plain language of the statute controls. Santa Cruz County was one of "the count[ies] in which the person was convicted of the offense for which [Cheek] was committed to the jurisdiction of the Department of Corrections." (§ 6601, subd. (i).) Thus, the initial petition to commit Cheek under the SVPA was properly filed in Santa Cruz County, and the pending petitions to

extend Cheek's SVPA commitment were properly filed in Santa Cruz County.

### III. DISPOSITION

Let a peremptory writ of mandate issue commanding the superior court to reconsider its order transferring the matter to Lake County in light of this opinion. The temporary stay order is vacated.

Mihara, J., and Rushing, J., concurred.