Filed 6/22/21  P. v. Mendoza CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C092176 |
| Plaintiff and Respondent, | (Super. Ct. No. PMH20190022) |
| v. | |
| AARON MICHAEL MENDOZA, | |
| Defendant and Appellant. | |

The trial court found defendant Aaron Michael Mendoza to be a sexually violent predator (SVP) under the Sexually Violent Predators Act (the Act).  On appeal, he argues the trial court in El Dorado County lacked jurisdiction to hear the petition to commit him as an SVP because the petition could be filed only in San Joaquin County, the county in which he was most recently convicted.  We disagree and affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2006, defendant was convicted of committing a lewd and lascivious act on a child under the age of 14 years in El Dorado County and was sentenced to a term in state prison.  He was paroled in 2011 after an evaluation under the Act determined he did not meet the criteria as an SVP.  In 2014, while still on parole, a search of defendant's cell phone during a traffic stop in San Joaquin County, found sexually explicit images of minors.  Police arrested defendant for violating his parole, and defendant was convicted

1

of possession of child pornography in San Joaquin County, then sentenced to a state prison term.

In 2019, the El Dorado County District Attorney's Office filed a petition seeking to commit defendant as an SVP. Defendant filed a demurrer, asserting, in part, that El Dorado County did not have jurisdiction over the petition, which could be heard only in San Joaquin County, based on defendant's conviction in San Joaquin County. Both parties submitted briefing.

Citing Welfare and Institutions Code[1] section 6601, subdivision (i) and case law construing that section, the trial court issued a tentative decision overruling the demurrer, holding: "Nothing in the language of [section] 6601(i) supports the conclusion that only the last county to commit the person to the jurisdiction of the Department of Corrections and Rehabilitation has jurisdiction. Case law finds to the contrary and holds that more than one county can be responsible for a commitment of the defendant to the jurisdiction of the Department of Corrections."

In particular, the court explained: "[R]espondent was currently serving an 8 year sentence for possession of child pornography based upon his March 25, 2014 guilty plea; he was previously convicted in 2006 of one count of violation of Penal Code, § 288(a), lewd and lascivious act with a child less than 14 years old; he was paroled on that conviction o[n] May 27, 2011; and his parole on that conviction was violated on March 5, 2014 after he was arrested for the possession of child pornography charge . . . . Therefore, his commitment to the jurisdiction of the Department of Corrections and Rehabilitation was not only the result of his child pornography conviction, but was also due to his parole from the 2006 conviction for violation of Penal Code, § 288(a) being

---

[1]     Undesignated statutory references are to the Welfare and Institutions Code.

violated on March 5, 2014. The El Dorado County Superior Court has jurisdiction to hear this petition." (Underlining omitted.)

The court heard oral argument on the demurrer, then adopted the tentative ruling, saying: "As it relates to the jurisdiction issue, the criteria by [the Department of Corrections and Rehabilitation] for determining whether or not they believe that Mr. Mendoza or any other sex offender qualifies under the sexual violent predator is dynamic. It changes as other crimes are committed. And there's no distinction in the law as to whether or not that it's the last commitment that's required. [¶] In addition, when Mr. Mendoza was released on parole, the violation of parole was the underlying crime that he was committed to from San Joaquin County, and he was also detained for that same crime. So I guess the appellate courts are going to have to figure that out, but the Court would stand by its tentative ruling."

## DISCUSSION

Defendant argues section 6601, subdivision (i), which specifies where an SVP petition can be filed, required his SVP petition to be filed in San Joaquin County, rather than El Dorado County, because San Joaquin County was "the county from which he was committed to state prison." Citing *Cheek v. Superior Court* (2002) 103 Cal.App.4th 520 (*Cheek*) and *People v. Krah* (2003) 114 Cal.App.4th 534 (*Krah*), the People respond defendant was committed to state prison in 2014 based on both the San Joaquin County conviction, as well as the parole violation for the 2006 El Dorado County conviction, making El Dorado County an appropriate jurisdiction to hear the petition. We agree with the People.

Section 6601, subdivision (i), provides, in relevant part: "If the county's designated counsel concurs with the recommendation, a petition for commitment shall be filed in the superior court of the county in which the person was convicted of the offense for which he or she was committed to the jurisdiction of the Department of Corrections

3

and Rehabilitation.  The petition shall be filed, and the proceedings shall be handled, by either the district attorney or the county counsel of that county."

In *Cheek*, the appellate court interpreted the meaning of section 6601, subdivision (i).  There, the defendant was first convicted in Contra Costa County for vehicle theft and placed on probation.  (*Cheek*, *supra*, 103 Cal.App.4th at p. 522.)  One year later, he was convicted of rape and forcible oral copulation in Santa Cruz County and sentenced to a state prison term.  (*Ibid.*)  He was then transported back to Contra Costa County for probation violation proceedings but escaped from custody.  (*Ibid.*)  One year later, he was convicted of rape and furnishing a controlled substance to minors in Lake County, for which he received another state prison term, consecutive to the Santa Cruz County sentence.  (*Ibid.*)  He was then returned to Contra Costa County, which finally revoked probation and imposed a sentence for the vehicle theft conviction, which was also run consecutively to the sentences from Santa Cruz and Lake counties.  (*Id.* at pp. 522-523.)

The Santa Cruz County District Attorney filed a series of SVP petitions in Santa Cruz County, and the defendant moved to dismiss the petitions, arguing only Contra Costa County, as " 'the county in which the potential SVP was last sent to the state prison,' " could have jurisdiction over the SVP petition.  (*Cheek*, *supra*, 103 Cal.App.4th at pp. 523-524.)  The trial court declined to dismiss the petitions.  (*Id.* at p. 524.)  On appeal, the appellate court observed the plain language of the statute meant that "the phrase 'the county' is not limited to one county when there is more than one county 'in which the person was convicted of the offense for which he or she was committed to the jurisdiction of the Department of Corrections.' " (*Id.* at pp. 525-526.)  The appellate court also noted the phrase " 'the offense' " should be read the same way, such that the section could "cover cases where the person has been committed to prison for multiple offenses."  (*Id.* at p. 526, fn. 4.)

4

Thus, "[u]nder the plain language of the statute, Santa Cruz County clearly qualifies as one of 'the count[ies] in which the person was convicted of the offense for which he or she was committed to the jurisdiction of the Department of Corrections.' (§ 6601, subd. (i).) In Santa Cruz County, Cheek was convicted of two of the offenses (rape and forcible oral copulation) for which he was committed to the jurisdiction of the Department of Corrections. This same analysis would also apply to both Lake County, where he was convicted of rape and furnishing a controlled substance to minors, and Contra Costa County, where he was convicted of vehicle theft. Each of those counties qualifies, under the plain language of the statute, as one of 'the count[ies] in which the person was convicted of the offense for which he or she was committed to the jurisdiction of the Department of Corrections.' (§ 6601, subd. (i).) Defendant's status as a prisoner was based on the aggregate sentence comprised of the prison commitments imposed in all three counties." (*Cheek*, *supra*, 103 Cal.App.4th at p. 526.)

The appellate court expressly rejected the defendant's contention that only the most recent county to sentence him could have jurisdiction over the petition, explaining, "section 6601 refers simply to the county that committed the person to prison. Nothing in the statute indicates that only the *last* county to commit the person to prison has jurisdiction. 'Where the words of the statute are clear, we may not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history.' " (*Cheek*, *supra*, 103 Cal.App.4th at p. 526.)

Similarly, in *Krah*, the defendant was first convicted and sentenced to prison for two counts of lewd and lascivious acts on a minor in Sonoma County, then was later convicted and sentenced to prison for two counts of lewd and lascivious acts on a minor in San Mateo County. (*Krah*, *supra*, 114 Cal.App.4th at pp. 538-539.) The Sonoma County District Attorney filed an SVP petition, which was ultimately successful. (*Id.* at p. 539.) On appeal, the defendant argued Sonoma County lacked jurisdiction to hear the petition because his "most recent conviction was in San Mateo County." (*Id.* at p. 541.)

5

Agreeing with *Cheek*, the appellate court concluded, "section 6601(i) focuses on the county that convicted the defendant of the crime(s) for which he was committed to the custody of the Department of Corrections, not the county that physically delivered the defendant into custody. More than one county can be responsible for a commitment of the defendant to the jurisdiction of the Department of Corrections, as was true in *Cheek* and in the present case. As the *Cheek* court noted, nothing in the language of the statute itself supports the conclusion that 'only the *last* county to commit the person to prison has jurisdiction.' " (*Krah*, at pp. 542-543.) Thus, Sonoma County properly had jurisdiction. (*Id.* at p. 544.)

Here, as in *Cheek* and *Krah*, defendant was "committed to the jurisdiction of the Department of Corrections and Rehabilitation" for offenses he committed in multiple counties. In 2006, defendant was convicted of lewd and lascivious acts on a child under the age of 14 years in El Dorado County and was later placed on parole. As a parolee, defendant was "still constructively a prisoner subject to correctional authorities." (*People v. Lewis* (1999) 74 Cal.App.4th 662, 669.) Thus, he could be returned to prison if he violated the conditions of his parole, which he did when he was arrested with sexually explicit photographs of children in 2014. (See Pen. Code, § 3056, subds. (a), (b) ["Prisoners on parole shall remain under the supervision of the department [of corrections and rehabilitation]," and "may be returned to prison following the revocation of parole"].) Defendant was convicted of possession of child pornography by the court in San Joaquin County for the same conduct. When defendant was sent to state prison in 2014, it was, as the trial court noted, both the result of the parole violation for the 2006 offense in El Dorado County and the 2014 offense in San Joaquin County. Therefore, under section 6601, either El Dorado County or San Joaquin County could properly exercise jurisdiction over the SVP petition. (*Cheek*, *supra*, 103 Cal.App.4th at p. 526.)

Defendant contends *Cheek* and *Krah* are distinguishable because both cases "involved a defendant who was sentenced to State Prison from multiple counties at one

6

time," while defendant committed one offense, was released from custody, then "committed a new offense which was not sexually violent and was committed to prison from another county." In defendant's view, "*Cheek* and *Krah* were both premised on the claim that the appropriate county was the most recent one," and deviated from that rule only based on the existence of "multiple sentences from multiple counties resulting in a unified prison sentence." But *Cheek* and *Krah* both rejected an interpretation of section 6601 that required jurisdiction to shift depending on the timing or sequencing of sentencing, rather than the location of the underlying convictions for which a defendant was sentenced, and found nothing in section 6601 to support defendant's assertion that jurisdiction should lie with the most recent county to convict or sentence a defendant. (*Krah*, *supra*, 114 Cal.App.4th at pp. 542-543; *Cheek*, *supra*, 103 Cal.App.4th at p. 526.) Nor do we agree with the apparent premise of defendant's argument that his release from custody in 2011 created a break in the relationship between the 2006 El Dorado County conviction and the 2014 commitment to prison from San Joaquin County. As explained above, defendant's parole, and the violation of that parole, tied the 2014 commitment to prison to the 2006 El Dorado County conviction such that the conviction was an "offense for which he or she was committed to the jurisdiction of the Department of Corrections and Rehabilitation" under section 6601. We conclude the trial court appropriately exercised its jurisdiction over defendant's SVP petition.

DISPOSITION

The judgment is affirmed.

/s/                       

Robie, J.

We concur:

/s/

Blease, Acting P. J.

/s/

Hull, J.

7