Filed 4/2/24  P. v. Alamillo CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HERMILO FERNANDEZ ALAMILLO,<br><br>    Defendant and Appellant. | H050449<br>(Santa Cruz County<br> Super. Ct. No. F25449) |

Appellant Hermilo Fernandez Alamillo was charged with assault with a deadly weapon (Pen. Code § 245, subd. (a)(1))[1] but was ultimately found not guilty by reason of insanity (NGI) and committed to a state hospital.  In 2022, the trial court extended Alamillo's commitment for an additional two years pursuant to section 1026.5, subdivision (b).[2]

Although Alamillo filed a notice of appeal from the extension order, he does not identify an error in the recommitment proceedings.  Instead, Alamillo argues that his maximum term of commitment, which had expired before the recommitment hearing in 2022, should have been reduced by one year pursuant to Senate Bill No. 136 (2019-2020 Reg. Sess.) and Senate Bill No. 483 (2021-2022 Reg. Sess.).  We conclude the issue is moot and dismiss the appeal.

---

[1] Unspecified statutory references are to the Penal Code.

[2] Section 1026.5, subdivision (b), provides for extended two-year commitments beyond the maximum term if the person "by reason of a mental disease, defect, or disorder represents a substantial danger of physical harm to others."  (*Id.*, subd. (b)(1).)

## I. BACKGROUND[3]

In 2014, Alamillo was charged by information with one felony count of assault with a deadly weapon (§ 245, subd. (a)(1); count 1) and two felony counts of battery upon a custodial officer (§ 243.1; counts 4 and 5). Alamillo was also charged with two misdemeanors: resisting, obstructing or delaying a peace officer (§ 148, subd. (a); count 2) and assault upon a custodial officer (§ 241.1; count 3).

The information alleged as to count 1 that Alamillo had suffered a prior serious conviction within the meaning of section 667, subdivision (a)(1). As to counts 1, 3, 4 and 5, the information alleged that Alamillo had served a prior prison term within the meaning of section 667.5, subdivision (b) and that he had suffered a prior strike conviction within the meaning of section 667, subdivisions (b) through (i).

Alamillo pleaded not guilty and NGI to all counts and waived his right to a jury trial. The district attorney dismissed counts 2 through 5. After considering the evidence, the court found Alamillo guilty on count 1 and found true the allegations that he served a prior prison term and suffered a prior strike conviction. However, the trial court also determined that Alamillo was not sane at the time of the commission of the offense and referred him to the Director of Mental Health for placement. In doing so, the court found that Alamillo's maximum term of commitment[4] was nine years, which it calculated by doubling the upper term of four years to account for the prior strike conviction (§ 667, subd. (e)(1)) and adding one year for the prior prison term (former § 667.5, subd. (b)). Taking into account Alamillo's presentence and pre-commitment custody credits, his

[3] We do not recount the facts underlying Alamillo's convictions because they are not relevant to this appeal.

[4] "The maximum term of commitment is equal to the longest term of imprisonment which could have been imposed for the offenses of which the defendant was convicted." (*People v. Tilbury* (1991) 54 Cal.3d 56, 63.) This includes "the upper term of the base offense and any additional terms for enhancements and consecutive sentences which could have been imposed less any applicable credits." (§ 1026.5, subd. (a)(1).)

2

term of commitment was scheduled to expire on September 5, 2022. Alamillo was thereafter placed at Atascadero State Hospital for treatment and criminal proceedings were suspended.

In February 2022, the district attorney filed a petition to extend Alamillo's commitment pursuant to section 1026.5, subdivision (b). Alamillo waived his right to a jury trial on the petition. After several continuances and a temporary extension of Alamillo's commitment to which he did not object, the trial court held an evidentiary hearing on the petition on October 3, 2022. The court found that Alamillo "suffers from a mental disease, defect or disorder" and "currently poses a substantial danger of physical harm to others and has serious difficulty in controlling his dangerous behavior." Based on those findings, the court extended Alamillo's commitment for an additional two years.

Alamillo timely appealed from the order extending his commitment.

## II. DISCUSSION

As we have noted, Alamillo raises one issue in his opening brief on appeal. He argues that his maximum term of commitment should have been reduced by one year pursuant to Senate Bill Nos. 136 and 483. Senate Bill No. 136 "amended section 667.5, subdivision (b), effective January 1, 2020, to eliminate sentence enhancements for prison priors unless the prior term was for a sexually violent offense." (*People v. Coddington* (2023) 96 Cal.App.5th 562, 567.) In turn, Senate Bill No. 483 "was enacted in 2021, and it extended Senate Bill No. 136 to all persons . . . currently incarcerated in jail or prison. [Citations.] As a result of these enactments, section 1172.75, subdivision (a), renders legally invalid any prison prior imposed before 2020 except where the prison prior was for a sexually violent offense." (*Ibid*., fn. omitted.) Alamillo contends that whether Senate Bill Nos. 136 and 483 apply to reduce a NGI committee's maximum term of commitment is a question of first impression for the courts of appeal.

However, the trial court set Alamillo's maximum term of commitment at nine years in 2014, which period expired in September 2022 before the hearing on the petition

3

to extend his commitment. Thus, as both Alamillo and the Attorney General recognize, whether Senate Bill Nos. 136 and 483 can be applied to reduce Alamillo's maximum term of commitment is a moot issue. (See *People v. Cheek* (2001) 25 Cal.4th 894, 897-898 [appeal from expired commitment order is moot]; *People v. Hurtado* (2002) 28 Cal.4th 1179, 1186 [same]; *People v. Redus* (2020) 54 Cal.App.5th 998, 1009 [appeal from expired order extending period of NGI commitment is moot].) The Attorney General requests that we dismiss this appeal without addressing the merits.

We agree with the Attorney General that dismissal is appropriate. Governing principles of justiciability dictate that we decide " ' " actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." ' " (*Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541; accord *Giraldo v. Cal. Dept. of Corrections & Rehabilitation* (2009) 168 Cal.App.4th 231, 257 ["The policy behind a mootness dismissal is that 'courts decide justiciable controversies and will normally not render advisory opinions' "]. ) "Put another way, ' "[a]n appeal should be dismissed as moot when the occurrence of events renders it impossible for the appellate court to grant appellant any effective relief." ' " (*People v. Pipkin* (2018) 27 Cal.App.5th 1146, 1150.) Here, even if we were to conclude that Alamillo's legal contention has merit, we would be unable to grant him any relief related to his expired commitment term.

Nevertheless, Alamillo contends we should exercise our discretion to address the applicability of Senate Bill Nos. 136 and 483 to a NGI committee's maximum term of commitment. He argues that unless we consider the issue now it will likely never be addressed because NGI committees like Alamillo have no mechanism to raise the issue in the trial court until recommitment proceedings under section 1026.5 are initiated. Although we may consider moot issues under certain circumstances (see *People v.*

4

*DeLeon* (2017) 3 Cal.5th 640, 646), we have reviewed Alamillo's argument and decline to do so on this record.

### III. DISPOSITION

The appeal is dismissed as moot.

_____

ADAMS, J.*

WE CONCUR:


_____

GROVER, ACTING P.J.



_____

DANNER, J.



*People v. Alamillo*
H050449

_____

* Judge of the Santa Clara County Superior Court, assigned by the Chief Justice pursuant
to article VI, section 6 of the California Constitution.