Filed 2/24/26  P. v. Quaife CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TIFFANY JO QUAIFE,<br><br>Defendant and Appellant. | F088822<br><br>(Super. Ct. No. FP004853A)<br><br>**ORDER MODIFYING OPINION**<br>**(NO CHANGE IN JUDGMENT)** |

The nonpublished opinion filed with this court on February 23, 2026, is modified as follows:

1.      On pages 1-3, the body of the opinion starting with the last partial paragraph on page 1, which begins with "This is the second time," through and including the last full paragraph on page 3, which ends with "!(CT 176, 216; RT 807)!" are deleted and the following paragraphs are inserted in their place:

This is the second time appellant Tiffany Jo Quaife has challenged a recommitment order before this court.  Appellant was declared an offender with a mental health disorder (OMHD)[1] pursuant to section 2962 in January

---

[1]      Effective January 1, 2020, Penal Code section 2962 was amended to replace "mentally disordered offender" with "offender with a mental health

2021.  In 2023, the jury found appellant met the criteria for continued commitment and the trial court ordered appellant recommitted for one year to end on October 13, 2024.  We affirmed the recommitment order in the nonpublished opinion, *People v. Quaife* (Sept. 20, 2024, F086999) (*Quaife*).  In 2024, the district attorney petitioned to extend appellant's commitment by another year.  Following a jury trial, the trial court ordered appellant's commitment extended for another year, or until October 13, 2025.  Appellant contends insufficient evidence supports the recommitment order because she has been nonviolent since her commitment offense and her mental health disorder is controlled with medication.  The order, however, expired while this appeal was pending, and we therefore dismiss this appeal as moot.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

Appellant assaulted an elderly victim with a knife on December 9, 2018.  Appellant reportedly was trying to cut herself in a suicide attempt but cut the victim instead.  In November 2019, appellant pled guilty to infliction of an injury on an elderly adult 65 years of age or older under circumstances or conditions likely to produce great bodily harm or death (§ 368, subd. (b)(1)) and was sentenced to the middle term of six years.  (*Quaife*, *supra*, F086999.)

On January 19, 2021, appellant was committed to Patton State Hospital (Patton) as a mentally ill prisoner.  (§ 2684.)  Appellant's commitment status was changed to an OMHD pursuant to section 2962 on October 13, 2021, with a maximum commitment date of October 13, 2023.  As previously stated, we affirmed the trial court's order recommitting appellant for another year to end on October 13, 2024.  (*Quaife*, *supra*, F086999.)

On March 11, 2024, the district attorney filed a new petition pursuant to section 2970 to extend appellant's commitment by one year.

---

disorder."  (Pen. Code, § 2962, subd. (d)(3), as amended by Stats. 2019, ch. 649, § 1.)

Undesignated statutory references are to the Penal Code.

**2**      Some facts and procedural history are drawn from our prior unpublished opinion, *Quaife*, *supra*, F086999.  (*Pacific Gas & Electric Co. v. City and County of San Francisco* (2012) 206 Cal.App.4th 897, 907, fn. 10.)

2.

Attached to the petition was an affidavit from Gillian Friedman, M.D., Patton's medical director, stating appellant suffered from a severe mental disorder that was not in remission or could not be kept in remission if appellant's treatment was not continued, and by reason of her severe mental disorder, appellant represented a substantial danger of physical harm to others. Also attached to the petition was a dispositional report (§ 2970) by Elise M. Yenne, Ph.D. Appellant contested the petition and requested a jury trial.

The matter proceeded to trial in October 2024. The district attorney presented Dr. Yenne as his sole witness. Dr. Yenne conducted an OMHD evaluation of appellant and prepared a report regarding that evaluation. She diagnosed appellant with schizoaffective disorder, depressive type. Dr. Yenne opined that appellant is not currently in remission from her psychiatric disorder and she represents a substantial danger of physical harm to others. Appellant chose not to testify at trial.

On October 21, 2024, the jury found the petition to be true. The trial court ordered appellant be recommitted for one year to expire on October 13, 2025.

2.      On pages 4-5, under the subheading "**II. The Appeal is Moot**," the first full paragraph, which begins with "Appellant timely appealed," through and including the second full paragraph, which ends at the top of page 5 with "have the better argument" are deleted and the following paragraphs are inserted in their place:

Appellant timely appealed the recommitment order in October 2024. Because briefing in this appeal was not completed until September 2025 and appellant's recommitment order expired while the appeal was pending, we requested supplemental briefing from the parties on whether this appeal was moot.

Appellant cites *People v. McCray* (2023) 98 Cal.App.5th 260 (*McCray*) to argue the appeal is not moot because there is no indication she was recommitted after October 13, 2025. She claims her appeal has not been rendered moot by subsequent events like in *People v. Gregerson* (2011) 202 Cal.App.4th 306. The People contend the appeal is moot because the order has expired and an order by this court cannot confer any practical benefit due to the fact-specific issue raised on appeal. The People acknowledge the appellate record does not disclose whether appellant has been recommitted since October 13, 2025, but argue even if she has been recommitted, the evidence differs at each yearly recommitment extension

as do any evidentiary-based claims on appeal. The People have the better argument.

Except for the modifications set forth above, the opinion previously filed remains unchanged.

This modification does not effect a change in the judgment.


                                                    DE SANTOS, J.

WE CONCUR:


DETJEN, Acting P. J.


HARRELL, J.

Filed 2/23/26  P. v. Quaife CA5 (unmodified opinion)

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TIFFANY JO QUAIFE,<br><br>    Defendant and Appellant. | F088822<br><br>(Super. Ct. No. FP004853A)<br><br>**OPINION** |

APPEAL from an order of the Superior Court of Kern County.  Stephanie Renee Childers Stewart, Judge.

Candice L. Christensen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Amanda D. Cary and Hannah Janigian Chavez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

This is the second time appellant Tiffany Jo Quaife has challenged a recommitment order before this court.  Appellant was declared an offender with a mental

health disorder (OMHD)[3] pursuant to section 2962 in January 2021. !(CT 36)! In 2023, the jury found appellant met the criteria for continued commitment and the trial court ordered appellant recommitted for one year to end on October 13, 2024. We affirmed the recommitment order in the nonpublished opinion, *People v. Quaife* (Sept. 20, 2024, F086999) (*Quaife*). In 2024, the district attorney petitioned to extend appellant's commitment by another year. Following a jury trial, the trial court ordered appellant's commitment extended for another year, or until October 13, 2025. Appellant contends insufficient evidence supports the recommitment order because she has been nonviolent since her commitment offense and her mental health disorder is controlled with medication. !(AOB 8–16)! The order, however, expired while this appeal was pending, and we therefore dismiss this appeal as moot.

## FACTUAL AND PROCEDURAL BACKGROUND[4]

Appellant assaulted an elderly victim with a knife on December 9, 2018. Appellant reportedly was trying to cut herself in a suicide attempt but cut the victim instead. In November 2019, appellant pled guilty to infliction of an injury on an elderly adult 65 years of age or older under circumstances or conditions likely to produce great bodily harm or death (§ 368, subd. (b)(1)) and was sentenced to the middle term of six years. (*Quaife*, *supra*, F086999.)

On January 19, 2021, appellant was committed to Patton State Hospital (Patton) as a mentally ill prisoner. (§ 2684.) Appellant's commitment status was changed to an OMHD pursuant to section 2962 on October 13, 2021, with a maximum commitment

---

**3**     Effective January 1, 2020, Penal Code section 2962 was amended to replace "mentally disordered offender" with "offender with a mental health disorder." (Pen. Code, § 2962, subd. (d)(3), as amended by Stats. 2019, ch. 649, § 1.)

Undesignated statutory references are to the Penal Code.

**4**     Some facts and procedural history are drawn from our prior unpublished opinion, *Quaife*, *supra*, F086999. (*Pacific Gas & Electric Co. v. City and County of San Francisco* (2012) 206 Cal.App.4th 897, 907, fn. 10.)

date of October 13, 2023. As previously stated, we affirmed the trial court's order recommitting appellant for another year to end on October 13, 2024. (*Quaife*, *supra*, F086999.)

On March 11, 2024, the district attorney filed a new petition pursuant to section 2970 to extend appellant's commitment by one year. !(CT 35–39)! Attached to the petition was an affidavit from Gillian Friedman, M.D., Patton's medical director, stating appellant suffered from a severe mental disorder that was not in remission or could not be kept in remission if appellant's treatment was not continued, and by reason of her severe mental disorder, appellant represented a substantial danger of physical harm to others. !(CT 41–42)! Also attached to the petition was a dispositional report (§ 2970) by Elise M. Yenne, Ph.D. !(CT 43–53)! Appellant contested the petition and requested a jury trial. !(CT 59)!

The matter proceeded to trial in October 2024. !(CT 158; RT 510)! The district attorney presented Dr. Yenne as his sole witness. !(CT 161; RT 509)! Dr. Yenne conducted an OMHD evaluation of appellant and prepared a report regarding that evaluation. !(RT 590–591)! She diagnosed appellant with schizoaffective disorder, depressive type. !(RT 598)! Dr. Yenne opined that appellant is not currently in remission from her psychiatric disorder and she represents a substantial danger of physical harm to others. !(RT 613, 632)! Appellant chose not to testify at trial. !(RT 709)!

On October 21, 2024, the jury found the petition to be true. !(CT 176, 215; RT 805–806)! The trial court ordered appellant be recommitted for one year to expire on October 13, 2025. !(CT 176, 216; RT 807)!

## DISCUSSION

### I.  The MDO Act

"The Mentally Disordered Offender Act (MDO Act), enacted in 1985, requires that offenders who have been convicted of violent crimes related to their mental

3.

disorders, and who continue to pose a danger to society, receive mental health treatment during and after the termination of their parole until their mental disorder can be kept in remission." (*In re Qawi* (2004) 32 Cal.4th 1, 9; § 2960 et seq.) "The commitment is for a term of one year and may be extended annually for an additional year on petition of the district attorney." (*People v. Dunley* (2016) 247 Cal.App.4th 1438, 1442.)

"An offender will be recommitted if 'the court or jury finds [1] that the patient has a severe mental disorder, [2] that the patient's severe mental disorder is not in remission or cannot be kept in remission without treatment, and [3] that by reason of his or her severe mental disorder, the patient represents a substantial danger of physical harm to others.' (§ 2972, subd. (c).)" (*People v. Foster* (2019) 7 Cal.5th 1202, 1208.) These three factors have been characterized as " 'dynamic' or 'capable of change over time' " and " 'must be established at each annual review of the commitment.' " (*Id.* at p. 1207.)

## II.     The Appeal is Moot

Appellant timely appealed the recommitment order in October 2024.  !(CT 217–218)!  Because briefing in this appeal was not completed until September 2025 and appellant's recommitment order expired while the appeal was pending, we requested supplemental briefing from the parties on whether this appeal was moot.  !(Docket No. 380)!

Appellant cites *People v. McCray* (2023) 98 Cal.App.5th 260 (*McCray*) to argue the appeal is not moot because there is no indication she was recommitted after October 13, 2025.  She claims her appeal has not been rendered moot by subsequent events like in *People v. Gregerson* (2011) 202 Cal.App.4th 306.  !(Docket No. 430)!  The People contend the appeal is moot because the order has expired and an order by this court cannot confer any practical benefit due to the fact-specific issue raised on appeal. The People acknowledge the appellate record does not disclose whether appellant has been recommitted since October 13, 2025, but argue even if she has been recommitted,

4.

the evidence differs at each yearly recommitment extension as do any evidentiary-based claims on appeal.  !(Docket No. 420)!  The People have the better argument.

"As a general rule, an appellate court only decides actual controversies." (*People v. Rish* (2008) 163 Cal.App.4th 1370, 1380.)  "A case becomes moot when a court ruling can have no practical effect or cannot provide the parties with effective relief.  [Citation.]  By the nature of MDO proceedings, in which a new commitment order must be sought every year, issues arising in such proceedings can most often not be decided on appeal quickly enough to provide any relief to the person committed." (*People v. Dunley*, *supra*, 247 Cal.App.4th at p. 1445.)  Here, the challenged recommitment order has already expired.  A reversal would have no practical effect and provide no effective relief to appellant.

"A reviewing court may exercise its inherent discretion to resolve an issue rendered moot by subsequent events if the question to be decided is of continuing public importance and is a question capable of repetition, yet evading review." (*People v. Alsafar* (2017) 8 Cal.App.5th 880, 883.)  "For the evading review exception to apply, there must be more at stake than simple error-correction in an individual case.  The exception implicates the fundamental role of an appellate court as a custodian of the law, which is why courts often say it applies to issues that touch upon the 'public interest.' " (*McCray*, *supra*, 98 Cal.App.5th at pp. 267–268, citing *People v. Cheek* (2001) 25 Cal.4th 894, 897–898.)

Appellant contends the record contains insufficient evidence she represented a substantial danger of physical harm to others and her mental illness was not in remission.  This contention is grounded in fact-specific issues not likely to recur in the same manner at future proceedings because the recommitment order is based on the factual circumstances during the period before the October 2024 trial.  Any subsequent recommitment proceeding will be premised on a new petition addressing appellant's condition during a different period and will have its own evidence regarding appellant's

potential danger of physical harm and possible remission at the time of that new proceeding.  Accordingly, our review of her claims would have no practical effect on any subsequent petition seeking appellant's recommitment.  (*McCray*, *supra*, 98 Cal.App.5th at p. 268; cf. *People v. Fernandez* (1999) 70 Cal.App.4th 117, 134–135 [appeal of expired recommitment order was not moot where the Court of Appeal's decision could affect the trial court's continuing jurisdiction].)

*McCray* does not assist appellant.  In *McCray*, the appellant was also an OMHD challenging a recommitment order issued under section 2972.  McCray appealed the order arguing there was insufficient evidence he represented a substantial danger of physical harm to others and the trial court failed to obtain a knowing and intelligent waiver of his right to a jury.  (*McCray*, *supra*, 98 Cal.App.5th at p. 264.)  The Court of Appeal observed that "[w]hen, during the pendency of an OMHD appeal, an event occurs such that the appellate court cannot grant any effectual relief, the appeal becomes moot and should ordinarily be dismissed."  (*Id.* at p. 267.)  Because a new recommitment order had issued while McCray's appeal was pending, his appeal was rendered moot by subsequent events.  (*Ibid.*)  The court found McCray's sufficiency of the evidence claim, like appellant's claim here, was a fact-specific issue of interest only to McCray, and to "render a legal ruling that has no practical effect in [McCray's] case would be pointless." (*Id.* at p. 268.)  The court however addressed McCray's contention that the trial court failed to obtain an effective waiver of his right to a jury trial because the issue had legal significance beyond McCray's case.  (*Id.* at p. 269.)

Nothing in *McCray* indicates a new recommitment order must issue to avoid a finding of mootness on an appeal of a recommitment order.  The recommitment order in *McCray* was the subsequent *event* that rendered the appeal moot.  To the extent appellant argues her appeal is not moot because no recommitment order has issued in her case, she misreads *McCray*.  Furthermore, unlike in *McCray*, appellant fails to identify any specific issue regarding the expired order that involves an important public interest.  Her appeal

6.

involves fact-specific issues of interest only to appellant. Therefore, her appeal must be dismissed as moot.

## **DISPOSITION**

The appeal is dismissed as moot.


                                                       DE SANTOS, J.

WE CONCUR:


DETJEN, Acting P. J.


HARRELL, J.

7.