Filed 5/15/26  P. v. Evans CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F089487 |
| Plaintiff and Respondent, | (Super. Ct. No. FP004997A) |
| v. | |
| CONNIE LYNN EVANS, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Stephanie Renee Childers Stewart, Judge.

Candice L. Christensen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Ivan P. Marrs, and John Merritt, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P. J., Peña, J. and Harrell, J.

## INTRODUCTION

Appellant Connie Lynn Evans (appellant) was committed to the Department of Corrections and Rehabilitation (CDCR) for a term of 21 years pursuant to a plea agreement to voluntary manslaughter with the use of a firearm. Appellant was subsequently admitted to the State Department of State Hospitals (DSH) as an offender with a mental health disorder (MDO). The prosecution filed a petition to extend appellant's commitment for an additional year. Following a court trial, the trial court granted the petition and recommitted appellant for an additional year.

On appeal, appellant contends there was insufficient evidence to find beyond a reasonable doubt that she met the criteria for recommitment. While the appeal was pending, the trial court recommitted appellant on a subsequent petition, extending her commitment another year. As a result, the People contend appellant's claim is now moot. Alternatively, the People argue there was substantial evidence to support appellant's recommitment. Appellant did not file a reply. We agree with the People that appellant's claim is moot and dismiss the appeal.

## PROCEDURAL SUMMARY

In 2006, the trial court imposed a 21-year prison sentence on appellant, pursuant to her plea to voluntary manslaughter (Pen. Code, § 192, subd. (a))[1] and admitting she used a firearm (§ 12022.5). In 2022, after having been found to meet all the criteria of an MDO, appellant was admitted to DSH under section 2962 as an individual suffering from a mental disorder.

On July 17, 2024, the prosecution filed a petition to extend appellant's commitment pursuant to section 2970 for an additional year. Appellant requested a court trial, which took place on February 18, 2025. After receiving testimony and evidence,

---

[1] Hereinafter, undesignated statutory references are to the Penal Code.

2.

the trial court granted the prosecution's petition to extend appellant's commitment for one year.  Appellant filed a notice of appeal.

While this appeal was pending, the prosecution filed a subsequent petition to extend appellant's commitment for another year pursuant to section 2970.[2]  On November 13, 2025, the trial court granted the petition, recommitting appellant to DSH for one year, and extending appellant's commitment to December 20, 2026.

### FACTUAL SUMMARY

At trial, the prosecution submitted a report prepared by Dr. Brittany Dey, a senior psychologist with DSH, dated June 24, 2024.  The report was based on appellant's records and two interviews conducted in October 2023 and April 2024.  Dey diagnosed appellant with schizophrenia, which qualifies as a severe mental disorder under section 2962.  Dey concluded appellant's schizophrenia substantially impaired appellant's thoughts, perceptions of reality, emotional processes, and judgements, and grossly impaired her behavior.  Dey opined appellant's schizophrenia was not in full remission and could not be kept in remission without treatment, of which she was inconsistent and failed to meet recommended standards.  Dey further opined appellant represented a substantial danger of physical harm to others due to her mental disorder.

Dey testified consistently with her report.  While appellant showed insight into a portion of her symptoms—acknowledging she had a severe mental disorder, a history of auditory hallucinations, and problems with serious irritability and anger management— she lacked insight into the remainder of her symptoms, claiming she had not experienced hallucinations or delusions in 20 years.  Appellant discussed the committing offense and admitted she shot the victim in the head but claimed the victim, her ex-partner, had been

---

[2]      On March 3, 2026, this court granted the People's motion for judicial notice of Exhibit 1 (the prosecution's July 17, 2025 petition to extend appellant's commitment pursuant to section 2970) and Exhibit 2 (the minute order of the trial court's ruling on November 13, 2025, extending appellant's commitment for one year).

poisoning her food and injecting her with something. Dey opined these accusations were delusions. Appellant acknowledged she had a history of violence and that auditory hallucinations motivated her behavior, which is consistent with schizophrenia.

Dey explained that appellant's symptoms were not in remission during the prior year based on her emotional and intense irritability, persecutory thinking, and paranoia in reference to treatment providers. Even if the court found appellant to be in remission, Dey did not believe appellant could be kept in remission. Appellant's behaviors prevented her from fully participating in treatment and would worsen in a less secure setting. For example, appellant's group program attendance fell short of the 90 percent benchmark DSH used. Appellant attended only 80 percent of the group programs and was absent from core groups such as the violence relapse prevention group. This group would have been particularly important for appellant to attend since it educates patients on their symptoms, recognizing warnings signs of decompensation, and helps patients put together a plan to prevent escalating behavior. Appellant stopped attending the violence prevention plan in March or April 2024 when she became argumentative with the coordinator. Dey also noted appellant's behavior, cursing at staff, was not conducive to her being able to benefit from the treatment being offered. Appellant showed she still harbored long standing delusions regarding her ex-partner, the victim appellant shot, as well as delusions regarding other inmates while in prison. Appellant lacked the coping skills and reality testing needed to challenge her delusions.

On the physical danger criterion, Dey felt that appellant represented a substantial danger of harm due to her severe mental disorder. Appellant lacked awareness of the severity of her mental illness and had problems with her symptoms and stability even while at DSH. Dey recognized that although appellant had not engaged in violence recently, she had a history of violence, had problems with irritability and treatment compliance, and had made "a veiled threat" regarding her desire to return to prison and what she could do to effectuate that. Appellant's lack of violence was attributed to the

4.

safeguards in place at DSH, where strict supervision and monitoring helped to contain the patients' symptoms. Appellant's continual belief that the controlling offense was justified, and her inability to consider alternative hypotheses, showed she still represented a substantial danger of physical harm to others.

The prosecution admitted the following exhibits: Dey's June 24, 2024 report; DSH documents including appellant's treatment plan; a certified Department of Motor Vehicles document; a CLETS printout showing appellant's criminal history; DSH psychiatric progress notes from December 2023; Dey's curriculum vitae; and appellant's mental health disorder and psychological evaluation report from CDCR.

The trial court found beyond a reasonable doubt that appellant had a severe mental disorder, the disorder was not in remission or could not be kept in remission without continued treatment, and she represented a substantial danger of physical harm to others. The court was concerned about appellant's lack of participation in the treatment plan. Appellant's non-participation was a huge issue for the court, who reminded appellant that she would not get better by ignoring it, but needed to do the work and take positive steps. The court ordered appellant recommitted to DSH for an additional year pursuant to section 2972, subdivision (c).

## DISCUSSION

Under section 2970, the district attorney may file a petition with the superior court for continued involuntary treatment for one year. "The court shall conduct a hearing on the petition under [s]ection 2970 for continued treatment." (§ 2972, subd. (a)(1).) "If the court or jury finds that the patient has a severe mental health disorder, that the patient's severe mental health disorder is not in remission or cannot be kept in remission without treatment, and that by reason of the patient's severe mental health disorder, the patient represents a substantial danger of physical harm to others, the court shall order the patient recommitted … to [DSH] if the person was in prison. The commitment shall be for a period of one year …." (§ 2972, subd. (c).)

Appellant contends the trial court erred when it extended her commitment under section 2970, arguing her "mental illness was in remission, and she did not pose a substantial danger of physical harm to others." The People claim appellant's appeal is now moot because the trial court has since recommitted appellant under section 2970. They further contend appellant's claim does not fall under an exception to the mootness doctrine because it does not present an issue of continuing public interest that is likely to recur. Even so, the People assert that the record contains substantial evidence from which a trier of fact could find beyond a reasonable doubt that appellant met the criteria under section 2972 to extend appellant's commitment.

"As a general rule, an appellate court only decides actual controversies. It is not the function of the appellate court to render opinions ' " ' "upon moot questions or abstract propositions, or … declare principles or rules of law which cannot affect the matter in issue in the case before it." ' " ' " (*People v. Rish* (2008) 163 Cal.App.4th 1370, 1380.) "A case becomes moot when a court ruling can have no practical effect or cannot provide the parties with effective relief." (*People v. Dunley* (2016) 247 Cal.App.4th 1438, 1445 (*Dunley*).) Here, appellant's recommitment under section 2970 was extended another year by a subsequent court order while this appeal was pending. Consequently, appellant is no longer committed under the order from which she appeals. As such, any opinion from this court on the sufficiency of the evidence to commit her under the previous order would have no practical effect on appellant's present commitment status.

Because a new commitment order must be sought every year in MDO commitments, issues arising in such proceedings usually cannot be decided on appeal quickly enough to provide any relief to the person committed. (See *Dunley*, *supra*, 247 Cal.App.4th at p. 1445.) Unfortunately, this is what has occurred here. Appellant's appeal was not able to be decided before she was recommitted under a new order and appellant's claim is now moot.

When a moot issue "is one likely to recur while evading appellate review [citations] and involves a matter of public interest," appellate courts may "exercise[] its discretion to decide the issue for the guidance of future proceedings before dismissing the case as moot." (*People v. Cheek* (2001) 25 Cal.4th 894, 897–898.)  Courts have exercised their discretion and addressed the merits in certain MDO cases, despite being moot, where the defendant raised an important procedural issue capable of repetition and escaping review.  (*People v. Gregerson* (2011) 202 Cal.App.4th 306, 321; see e.g., *Dunley*, *supra*, 247 Cal.App.4th at pp. 1442–1443 [right not to testify at MDO recommitment proceedings]; *People v. Rish*, *supra*, 163 Cal.App.4th at pp. 1380–1381 [procedural issues under the MDO Act]; *People v. Williams* (1999) 77 Cal.App.4th 436, 440, 441, fn. 2 [failure to meet statutory time requirements for commencing trial was an important and continuing interest].)  However, appellant's challenge to the sufficiency of the evidence is not a novel procedural issue capable of repetition and escaping review. The trial court's ruling was based on the evidence presented at the trial, including testimony from Dey and Dey's report.  Each petition to extend commitment another year will include the updated and most recent evidence of appellant's mental illness, her participation in treatment, and how she has responded to treatment.  As such, an insufficiency of the evidence claim does not present the type of novel issue that creates an exception to the mootness doctrine.  Since appellant's claim does not fall into any exception, we dismiss the appeal as moot. (See *Cheek*, at p. 903.)

## DISPOSITION

Appellant's appeal is dismissed as moot.