Filed 3/25/26  P. v. Horspool CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>STEVEN RAY HORSPOOL,<br><br>　　Defendant and Appellant. | A171515<br><br>(Contra Costa County<br>Super. Ct. No. 01001378249) |

**MEMORANDUM OPINION**[1]

Steven Ray Horspool appeals an order committing him to a state hospital that expired before briefing in this appeal concluded, rendering the appeal moot.  As neither party advances a reason for us to reach the merits notwithstanding the expired order, we dismiss the appeal.

## I.  BACKGROUND

In 2008, after Horspool tried to lure an 11-year-old girl into a store bathroom for sex, he was convicted of annoying or molesting a child under 18 years of age with a prior qualifying sex crime conviction.  (Pen. Code, § 647.6,

---

[1] We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)  We provide a limited factual summary because our opinion is unpublished and the parties know, or should know, "the facts of the case and its procedural history."  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

subd. (c).)[2] The following year, he was released to Atascadero State Hospital as an offender with a mental health disorder. This state hospital commitment was extended without interruption through the entry of the order now before us.

In June 2024, the People filed a petition to continue Horspool's involuntary commitment and treatment pursuant to sections 2970 and 2972 of the Mentally Disordered Offender Act. (§ 2960 et seq., the Act.) A trial was held three months later, where the court granted the petition after finding "beyond a reasonable doubt[] that Mr. Horspool is a person who suffers from a severe mental disorder, [that] said severe mental disorder is not in remission or cannot be kept in remission without continued treatment, and because of his severe mental disorder he presently represents a substantial danger of physical harm to others. (. . . Section 2970(c))." The court also considered but denied ordering Horspool to be treated on an outpatient basis instead of through a renewed involuntary hospital commitment, concluding his lack of insight and lack of remission prevented him from being safely and effectively treated in that manner. The court committed Horspool to the State Department of State Hospitals until December 5, 2025.

Horspool's sole contention on appeal is that substantial evidence does not support the trial court's conclusion that he could not be treated in the community safely and effectively. In a responsive brief filed in January 2026, the Attorney General contends Horspool's appeal is now moot because the commitment order expired on December 5, 2025. Alternatively, the Attorney General argues that the court's decision regarding Horspool's unreadiness for treatment in the community was supported by the evidence at trial. Horspool

---

[2] Undesignated statutory references are to the Penal Code.

2

did not file a reply brief on appeal or otherwise respond to the Attorney General's claim of mootness.

## II.  DISCUSSION

### A.  *The Appeal is Moot*

"The Mentally Disordered Offenders Act (Pen. Code, § 2960 et seq.) provides for involuntary civil commitment as a condition of parole for prisoners who are found to have 'a severe mental disorder' if certain conditions are met.  (§ 2962, subds. (a)–(f).)  The commitment is for a term of one year and may be extended annually for an additional year on petition of the district attorney.  (§ 2972, subds. (a)[–(c)].)" (*People v. Dunley* (2016) 247 Cal.App.4th 1438, 1442, fns. omitted.)  These features render appeals from commitment orders under the Act susceptible to moving too slowly to provide relief.  (*Id*. at p. 1445.)

Because the order under review expired in 2025, the Attorney General asserts this appeal is now moot and should be dismissed.  On appeal, it is the court's duty " ' " 'to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.' " ' " (*In re S.R.* (2025) 18 Cal.5th 1042, 1051.)  "[A] case becomes moot when a court ruling can have no practical effect or cannot provide the parties with effective relief." (*Lincoln Place Tenants Assn. v. City of Los Angeles* (2007) 155 Cal.App.4th 425, 454.)  This includes the situation where, as here, an appeal is based on a state hospital commitment order that has expired.  (*People v. McCray* (2023) 98 Cal.App.5th 260, 267–269.)  Horspool does not dispute that this appeal is moot given that the challenged commitment order expired in December 2025.

Still, mootness does not automatically obviate appellate review. Courts have the " 'inherent power' " to address cases that are " 'technically moot' " but merit consideration for other reasons. (*People v. Alsafar* (2017) 8 Cal.App.5th 880, 886.) These reasons might include "[w]hen an action involves a matter of continuing public interest that is likely to recur" (*Building a Better Redondo, Inc. v. City of Redondo Beach* (2012) 203 Cal.App.4th 852, 867), when there is "a likelihood of recurrence of the controversy between *the same parties*" (*In re David B.* (2017) 12 Cal.App.5th 633, 653–654), or when the appellant raises "an important procedural issue that is not only of 'important and of continuing interest' but is also one capable of repetition, but evading review" (*People v. Alsafar, supra*, 8 Cal.App.5th at p. 886; *People v. Cheek* (2001) 25 Cal.4th 894, 897–898 [reaching a moot issue of public interest it viewed as "likely to recur while evading appellate review"]). "[T]he common thread running through the cases is that [deciding an otherwise moot appeal] is appropriate only if a ruling on the merits will affect future proceedings between the parties or will have some precedential consequence in future litigation generally." (*In re David B., supra*, 12 Cal.App.5th at p. 654.)

Neither party here contends that an issue in the case falls within this "common thread" to warrant the exercise of our discretion to review a moot claim. (*In re David B., supra*, 12 Cal.App.5th at p. 654.) The fact-specific inquiry suggested by Horspool's sufficiency of the evidence argument does not appear to raise issues of broad public importance, questions of law, or issues that are likely to recur while evading appellate review. (See *People v. Dunley, supra*, 247 Cal.App.4th at p. 1445; *People v. Gregerson* (2011) 202 Cal.App.4th 306, 321.) The Attorney General asserts that "the resolution of circumstances unique to [Horspool] alone would not provide helpful

4

guidance in future cases," and, in the absence of any indication to the contrary, we agree. Nor does Horspool address the present status of his state hospital commitment or whether the issues presented on this appeal will remain relevant in his own case going forward.

### III. DISPOSITION

The appeal is dismissed as moot.

_____
SMILEY, J.

WE CONCUR:


_____
HUMES, P. J.


_____
BANKE, J.

*People v. Horspool* / (A171515)

6